FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 2 3 2009 ★

BROOKLYN OFFICE

James Emmet Murphy (JM7481)
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

Jeffrey K. Brown (JKB5177)
Leeds Morelli & Brown, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
Fax: (516) 747-5024

**09  4112**

WEXLER, J.

BOYLE. M.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID McBETH and CARMINE CASCONE, individually and on behalf of all other persons similarly situated who were employed by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO GABRIELLI, <br><br>                                            Plaintiffs, <br><br> - against - <br><br> GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, AMEDEOA GABRIELLI, and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO GABRIELLI, <br><br>                                            Defendants. | Index No.: <br><br><br><br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP and Leeds, Morelli, & Brown, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b), New York Labor Law § 633; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2; and 12 NYCRR 142-2.4, to recover unpaid overtime and spread of hours compensation owed to Plaintiffs and all similarly situated persons who are presently or were formerly employed by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC. (collectively, the "Corporate Defendants"); ARMANDO GABRIELLI, and AMEDEO GABRIELLI, and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO GABRIELLI (hereinafter collectively referred to as "Defendants").

2.      Beginning in approximately September of 2003 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

3.      Under the direction of Defendants' corporate officers and/or directors, Armando Gabrielli and Amedeo Gabrielli, Defendants instituted this practice of depriving their employees of the basic compensation for work performed in excess of 40 hours per week as mandated by

federal and state law, and depriving Plaintiffs of "spread of hours" compensation, as mandated by state law.

4.     The named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including overtime compensation, they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

6.     Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

7.     Plaintiff KHALID McBETH is an individual who resides in Medford, New York who worked for the Defendants.

8.     Plaintiff CARMINE CASCONE is an individual who resides in Wantagh, New York who worked for Defendants.

9.     Upon information and belief, Defendant GABRIELLI TRUCK SALES, LTD. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 3200 Horseblock Road, Medford, New York, and is engaged in the automotive sales and service business.

10.     Upon information and belief, Defendant GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C. is a limited liability company organized and existing under the laws of

the State of Connecticut, with its principal place of business at 277 New Park Avenue, Hartford, Connecticut, and is engaged in the automotive sales and service business.

11.     Upon information and belief, Defendant GABRIELLI TRUCK SERVICE, INC. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 153-20 South Conduit Avenue, Jamaica, New York, and is engaged in the automotive sales and service business.

12.     Upon information and belief, Defendant GABRIELLI FORD TRUCK SALES & SERVICE INC.. is a corporation incorporated under the laws of the State of New York, with its principal place of business at 3200 Horseblock Road, Medford, New York, and is engaged in the automotive sales and service business.

13.     Upon information and belief, Defendant ARMANDO GABRIELLI is a resident of 245 Elderfields Road, Manhasset, New York, 11030, and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of the Corporate Defendants.

14.     Upon information and belief, Defendant AMEDEO GABRIELLI is a resident of 3200 Horseblock Road, Medford, New York, 11763, and is, and at all relevant times was, an officer, director, president, vice president, and/or owner of the Corporate Defendants.

## CLASS ALLEGATIONS

15.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Article 9 of the New York Civil Practice Law and Rules.

16.     This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants other than office and executive personnel.

17.     The putative class is so numerous that joinder of all members is impracticable.

The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

18.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

19.    The claims of Plaintiffs are typical of the claims of the putative class.

20.    Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

21.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTS

22.    Upon information and belief, beginning in or about 2003, the Defendants employed numerous individuals at their automotive sales and service locations in the counties of Queens, Bronx, Nassau, Suffolk, and Orange, New York, and in Hartford, Connecticut, working as drivers, warehouse workers, parts counter workers, servicemen, and in other related occupations.

23.    Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class were regularly required to perform work for Defendants in excess of forty (40) hours per week, without receiving overtime compensation as required by applicable federal and state law.

24.    Upon information and belief, while working for Defendants, Plaintiffs and the members of the putative class did not receive all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

25.    Upon information and belief, while working for Defendants, Plaintiffs and the

members of the putative class were typically required to, and actually did, work ten (10) or more hours per day, five or more days per week.

26.     Upon information and belief, while working for the Defendants, Plaintiffs and the members of the putative class did not receive "spread of hours" compensation for any hours they worked over ten in any given day, as required under New York Law.

27.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

28.     Upon information and belief, Defendant Armando Gabrielli was an officer, director, shareholder, and / or president or vice president of the Corporate Defendants, and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for the Corporate Defendants.

29.     Upon information and belief, Defendant Armando Gabrielli dominated the day-to-day operating decisions of the Corporate Defendants, made major personnel decisions for the Corporate Defendants, and had complete control of the alleged activities of the Corporate Defendants which give rise to the claims brought herein.

30.     Upon information and belief, Defendant Armando Gabrielli was a supervisor, officer and/or agent of the Corporate Defendants, who acted directly or indirectly in the interest of the Corporate Defendants, and is an employer within the meaning of the Fair Labor Standards Act. Armando Gabrielli, in his capacity as an officer, director, shareholder, and / or president or vice president, actively participated in the unlawful method of payment for the Corporate Defendants' employees.

31.     Upon information and belief, Defendant Amedeo Gabrielli was an officer, director, shareholder, and / or president or vice president of the Corporate Defendants, and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for those entities; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for the Corporate Defendants.

32.     Upon information and belief, Defendant Amedeo Gabrielli dominated the day-to-day operating decisions of the Corporate Defendants, made major personnel decisions for the Corporate Defendants, and had complete control of the alleged activities of the Corporate Defendants which give rise to the claims brought herein.

33.     Upon information and belief, Defendant Amedeo Gabrielli was a supervisor, officer and/or agent of the Corporate Defendants, who acted directly or indirectly in the interest of the Corporate Defendants, and is an employer within the meaning of the Fair Labor Standards Act. Amedeo Gabrielli, in his capacity as an officer, director, shareholder, and / or president or vice president, actively participated in the unlawful method of payment for the Corporate Defendants' employees.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
## FLSA OVERTIME COMPENSATION

34.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 hereof.

35.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such

employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

36.    Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

37.    Plaintiffs and other members of the putative class are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

38.    The Corporate Defendants are employers, within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

39.    Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Armando Gabrielli is defined as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

40.    Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Amedeo Gabrielli is defined as an "employer" for the purpose of FLSA and, consequently, is liable for violations of FLSA.

41.    Upon information and belief, Defendants failed to pay Plaintiffs and other members of the putative class all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

42.    The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

43.    By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount

equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PAY WAGES

44.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 43 hereof.

45.     Pursuant to the Article Six of the New York Labor Law, workers, such as Plaintiffs and other members of the putative class, are protected from wage underpayments and improper employment practices.

46.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

47.     As persons employed for hire by Defendants, Plaintiffs and other members of the putative class are "employees," as understood in Labor Law §190.

48.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

49.     As an entity that hired the Plaintiff, the Corporate Defendants are "employers."

50.     Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, Armando Gabrielli and Amedeo Gabrielli are "employers".

51.     Plaintiffs' agreed upon wage rate and/or overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

52.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

53.     In failing to pay Plaintiffs and other members of the putative class proper wages

and overtime payments for time worked after forty hours in one week, Defendants violated Labor Law § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due.

54.     Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff, that is not otherwise authorized by law or by the employee.

55.     By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs and other members of the putative class, pursuant to New York Labor law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

56.     Upon information and belief, Defendants' failure to pay Plaintiffs and other members of the putative class wages and overtime payments for time worked in excess of forty hours in one week was willful.

57.     By the foregoing reasons, Defendants have violated New York Labor Law §198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK OVERTIME COMPENSATION LAW

58.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 57 hereof.

59.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

60.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may

recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

61.    Upon information and belief, Plaintiffs and other members of the putative class worked more than forty hours a week while working for Defendants.

62.    Upon information and belief, Plaintiffs and other members of the putative class did not receive the New York statutory minimum wages or overtime compensation for all hours worked after the first forty hours of work in a week.

63.    Consequently, by failing to pay to Plaintiffs and other members of the putative class the minimum wages and overtime compensation for work he performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

64.    Defendants' failure to pay wages and overtime compensation for work performed by Plaintiff after the first forty hours worked in a week was willful.

65.    By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK SPREAD OF HOURS LAW

66.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 65 hereof.

67.    12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

-11-

68.    Upon information and belief, Defendants required that Plaintiffs and other members of the putative class typically work more than ten hours in a day.

69.    Upon information and belief, Defendants did not pay Plaintiffs and other members of the putative class an additional hour's pay when they worked more than 10 hours in a day.

70.    Consequently, by failing to pay to Plaintiffs and other members of the putative class an additional hour's pay when Plaintiffs worked more than 10 hours in a day, Defendants violated 12 NYCRR § 142-2.4.

71.    Defendants' failure to pay spread of hours compensation for work performed by Plaintiffs and other members of the putative class after 10 hours in a day was willful.

72.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated who were employed by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO GABRIELLI demand judgment:

(1) on their first cause of action, against Defendants GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK

SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI
FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO
GABRIELLI, in an amount to be determined at trial, plus liquidated damages in the amount
equal to the amount of unpaid wages, interest, attorneys' fees and costs,

    (2) on their second cause of action against Defendants GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE,
INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities
affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK
SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI
FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO
GABRIELLI, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant
to the cited Labor Law sections;

    (3) on their third cause of action against Defendants GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE,
INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities
affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK
SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI
FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO
GABRIELLI, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant
to the cited Labor Law sections;

    (4) on their fourth cause of action against Defendants GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE,
INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities
affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK

SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI

FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO

GABRIELLI, in an amount to be determined at trial, interest, attorneys' fees, and costs, pursuant

to the cited Labor Law sections; and

(5) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
       September 18, 2009

VIRGINIA & AMBINDER, LLP

By:
    James Emmet Murphy (JM7418)
111 Broadway, Suite 1403
New York, New York 10006
212-943-9080
212-943-9082 (fax)
*Attorneys for Plaintiffs and Putative Class*