**MILMAN LABUDA LAW GROUP PLLC**
3000 MARCUS AVENUE
SUITE 3W3
LAKE SUCCESS, NEW YORK 11042

---

TELEPHONE (516) 328-8899
FACSIMILE (516) 328-0082

**Via ECF**
**& First Class Mail**

October 16, 2009

Hon. Leonard D. Wexler, U.S.D.J.
U.S. District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   **McBeth, et al. v. Gabriellie Truck Sales, et al.**

Dear Judge Wexler:

    This firm represents the Defendants in the above-referenced matter. This letter is submitted pursuant to Your Honor's Individual Rules of Practice requesting that a pre-motion conference be scheduled for the purpose of obtaining the Court's permission to move under FRCP 12 to dismiss the Complaint.

    Khalid McBeth ("McBeth") and Anthony Cascone ("Cascone") are former employees of Defendant Gabrielli Truck Sales. Khalid parts counterman and Cascone was a warehousement/parts drivers. The Plaintiffs have brought the instant action alleging that the Defendants failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("Labor Law"). The Plaintiffs seek to have this matter proceed as a collective action under § 216(b) of the FLSA and as a class action under Article 9 of the New York Labor Law. The Plaintiffs bring the claims on behalf of themselves and the following putative collective/class members: drivers, warehouse workers, parts counter workers, servicemen. Defendants seek this Court's permission to move under FRCP 12(b)(6) to dismiss the Complaint because the named Plaintiffs and the putative collective/class members fall within two well-recognized exemptions from overtime under federal and state law.

    By way of context, generally, nonexempt employees are entitled to overtime pay at a rate of time and half for all hours worked in excess of 40 hours per week. But, there are clear exemptions outlined in the federal and state labor law. For example, the well known white-collar exemption and various industry exemptions. At issue here are the

exemptions in the trucking industry. Congress has expressly exempted certain employees engaged in the sale, service and operation of trucks. The two exemptions relevant to this litigation are § 213(b)(10)(A) of the FLSA and the motor carrier exemption.

First, § 213(b)(10)(A) of the FLSA exempts from overtime "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers ...." 29 U.S.C. § 213(b)(10)(A). To qualify for the exemption, the establishment must (1) "not be engaged in manufacturing," and (2) "be primarily engaged in the business of selling automobiles, trailers, trucks, farm implements or aircraft to the ultimate purchaser." 29 C.F.R. § 779.372(b)(1).

The Defendants qualify as an "establishment" for purposes of the exemption. They are engaged in the sale and servicing of new and used trucks. They are comprised of six locations in the tri-state area. They currently sell and service the following truck lines: Mack, Kenworth, Ford, Sterling, Detroit Diesel, Cummings and Allison. In addition to its Medford location, Gabrielli Truck is also located in the Bronx; Hicksville; near JFK airport in Queens; Hartford and Milford, Connecticut.

Having met that threshold qualification for the exemption, the Defendants must establish that the employees at issue fall within the exemption of § 213(b)(10)(A). Again, the exemption includes "any salesman, partsman, or mechanic primarily engaged in selling or servicing . . . trucks." The positions are described, and apply, as follows:

- A "partsman" is, for the purposes of the exemption, "any employee employed for the purpose of and primarily engaged in requisitioning, stocking, and dispensing parts." 29 C.F.R. § 779.372(c)(2). The putative collective/class members that are engaged as warehouse workers parts counter workers fall squarely within this definition, and therefore are exempt.

- A mechanic is any employee primarily engaged in doing mechanical work (such as get ready mechanics, automotive, truck, . . . used car reconditioning mechanics and wrecker mechanics) in the servicing of an automobile, trailer, truck . . . for its use and operation as such. . . . 29 CFR § 779.372(c) (3) (1973). The putative collective/class members that are engaged as servicemen fall squarely within this definition because they service the trucks, and therefore are exempt.

- A salesman is an employee who is employed for the purpose of and is primarily engaged in making sales or obtaining orders or contracts for sale of the vehicles or farm implements which the establishment is primarily engaged in selling. Work performed incidental to and in conjunction with the employee's own sales or solicitations, including incidental deliveries and collections, is regarded as within the

exemption. 29 CFR § 779.372(c)(1). the putative collective/class members that are engaged as parts counter workers fall squarely within this definition because they obtain orders for sales of parts for the trucks, and therefore are exempt. Furthermore, although it is unclear if the classification of "salesman" is encompassed by the Complaint, if it is, they would fall within this exemption as well.

Second, the FLSA exempts from its overtime requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." 29 U.S.C. § 213(b)(1).  This exemption is popularly known as the "motor carrier exemption". It applies to those employees whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate commerce. 29 CFR 782.2(a)(2). The putative collective/class members that are engaged as drivers fall squarely within this definition.

Since the Plaintiffs and putative collective/class members fall within the statutory exemptions to the FLSA, they are not entitled to overtime.  Their claims under the Labor Law fail as well because the law provides that an employer's overtime obligations are "subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938." 12 N.Y.C.R.R. § 142-2.2. There can be no dispute that exemptions cited by Defendants above, i.e. § 213(b) of the FLSA, fall within the excepting language of 12 N.Y.C.R.R. § 142-2.2.  Therefore, the Labor Law claims are not cognizable.

In sum, the inability to present a cognizable federal claim precludes the parallel state claim. Consequently, Plaintiffs and the putative collective/class members cannot present a claim for unpaid overtime upon which relief can be granted, and their complaint must be dismissed.

Respectfully submitted,

MILMAN LABUDA LAW GROUP PLLC

Robert F. Milman, Esq.

Cc: James Emmet Murphy, Esq. via ECF