# VIRGINIA & AMBINDER, LLP
## ATTORNEYS AT LAW

CHARLES R. VIRGINIA**
LLOYD R. AMBINDER**

OF COUNSEL:

MARC A. TENENBAUM^***

LEONOR COYLE
LADONNA M. LUSHER
JAMES E. MURPHY
JUDY S. WONG

TRINITY CENTRE
111 BROADWAY
SUITE 1403
NEW YORK, NEW YORK 10006
TEL (212) 943-9080
FAX (212) 943-9082

WWW.VANDALLP.COM

*(Please refer all correspondence
to the New York address)*

5 Mountain Avenue
North Plainfield, New Jersey 07060

**   Also Admitted in NJ
***   Also Admitted in OH
^   Also Admitted in DC

October 23, 2009

**VIA ECF & First Class Mail**
The Hon. Leonard D. Wexler, U.S.D.J.
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

        Re:     **McBeth v. Gabrielli Truck Sales, Ltd.**
                **Index No.: 09 cv 4112**

Dear Judge Wexler:

      My firm represents the Plaintiffs in the above referenced action. I submit this letter pursuant to Your Honor's Individual Rules of Practice in response to Defendants' October 16, 2009 letter requesting a pre-motion conference.

      Defendants' request to file a motion to dismiss Plaintiffs' Complaint under FRCP 12(b)6 must be denied, as Defendants' entitlement to the claimed Fair Labor Standards Act ("FLSA") overtime exemption under 29 U.S.C. § 213(b)(10)(A) requires findings of fact which cannot be made on a Rule 12 motion to dismiss (Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Along with other factual findings required to establish its entitlement to the exemption[1], Defendants' claim that Gabrielli Truck qualifies as an "establishment" under 29 U.S.C. § 213(b)(10)(A) requires a factual showing that it is "primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." (*id.*).

      According to its website, Gabrielli Truck is "a one-stop source for the trucking needs of its customers; including retail sales of new and used trucks, replacement part support, mechanical     service,     and     a     wide     array     of     financial     services." (http://www.gabriellitruck.com/Ghistory.html, accessed by the undersigned on October 22,

---

[1] It is beyond dispute that exemptions to the overtime requirements of the FLSA are "narrowly construed against the employers seeking to assert them," and that the burden of invoking these exemptions rests upon the employer. (Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392-394 (1960)).

2009). Employers, such as Gabrielli Truck, which are engaged in "a number of business activities including the retail sale of cars and trucks… [and] the sale of hardware, tires, gasoline, parts, and batteries" (Donovan v. Bereuter's, Inc., 704 F.2d 1034, 1035 (8th Cir. 1983)) will only qualify as "establishments" entitled to the § 213(b)(10)(A) exemption where "over one-half of the establishment's dollar volume of sales is attributable to the retail sales of automobiles, trucks, or farm implements." (Donovan, *supra*, 704 F.2d at 1037 (8th Cir. 1983)). In addition to the retail sales of trucks, Gabrielli Truck also performs mechanical services, sells automotive parts, and provides financial services. Gabrielli Truck could only be found to be an "establishment" under § 213(b)(10)(A) if its total income from retail sales of automobiles and trucks is greater than the combined income from its parts sales, mechanical services, financial services, and other business activities (Donovan, *supra*, 704 F.2d at 1037 (8th Cir. 1983)), which requires a factual showing precluding dismissal under Rule 12.

Further, FLSA exemptions "ought to be applied only in those circumstances which plainly and unmistakably come within their terms and spirit." (Donovan, *supra*, 704 F.2d at 1036 (8th Cir. 1983); *citing* Arnold v. Ben Kanowsky, Inc., 361 U.S. 388 (1960)). The Plaintiffs here do not fall within "terms and spirit" of the § 213(b)(10)(A) exemption. Salesmen, partsmen, or mechanics are only exempted from FLSA overtime requirements where they are "primarily engaged in selling or servicing automobiles, trailers, trucks, farm implements, or aircraft." (29 C.F.R. § 779.372(b)(1)(ii)). Plaintiff McBeth was employed both as a parts counter worker providing parts to customers and providing parts to Gabrielli Trucks' service workers; Plaintiff Cascone was primarily employed as a warehouse worker, and at times worked as a driver delivering and picking up parts. Neither was directly engaged in any way in the sale or service of automobiles or trucks. It is clear that no colorable argument can be made that Cascone, as a warehouse worker or driver, constitutes a "salesman, partsman, or mechanic" falling within the class of employees exempted by § 213(b)(10)(A). To the extent that a factual showing may eventually be made that McBeth qualifies as a "partsman," he was not primarily engaged in selling or servicing trucks, which precludes his falling within the § 213(b)(10)(A) exemption. A "partsman is primarily engaged in the designated activities if 'that major part or over 50 percent' of the partsman's time is spent selling or servicing the enumerated vehicles" (Landers v. C & O Incorporated, 2007 WL 4419160*2 (S.D.W.Va. Dec. 17, 2007); *quoting* 29 C.F.R. § 229.372(d)). Although workers may "play a role that is integral to the business of selling cars," they will not be exempt from overtime requirements unless they are primarily engaged in sale or service of automobiles (Chao v. Rocky's Auto, Inc., 2003 WL 1958020*5 (10th Cir. 2003)).

Additionally, the named Plaintiffs and others similarly situated do not fall within the "spirit" of the § 213(b)10(A) exemption. "The enactment of § 213(b)(10) was an implicit recognition by Congress of the incentive method of remuneration for salesmen, partsmen, and mechanics employed by an automobile dealership." (Brennan v. Deel Motors, Inc., 475 F.2d 1095 (5th Cir. 1973)). Congress intended the exemption to apply to those employees of automobile dealerships paid on a commission basis ("The mechanic and partsman provide a specialized service with the service salesman co-ordinating these specialties. Each of these service employees receive a substantial part of their remuneration from commissions and therefore are more concerned with their total work product than with the hours performed." (*id.* at 1097) (emphasis removed from original)). The named Plaintiffs and, upon information and belief, others similarly situated were paid on a weekly flat "salary" basis, and not on a commission basis. As such, they are not the type of employees contemplated by the statutory

exemption. *See* Viart v. Bull Motors, Inc., 149 F.Supp.2d 1346, 1350 (S.D. Florida June 28, 2001) ("The legislative history indicates that the exemption was intended to apply to employees of automobile dealers who traditionally worked on a commission basis"); Dayton v. Coral Oldsmobile, Inc., 684 F.Supp. 290 (S.D. Florida April 28, 1988) ("plaintiff testified that he was paid on a salary-plus-commission basis. This is important in determining whether the job performed was exempt from the FLSA"); Feliz v. 128 Imports, Inc., 583 N.E.2d 889 (Mass.App.Ct. 1992). As Plaintiffs were not paid by the commission-based payment scheme contemplated by Congress in enacting the § 213(b)(10)(A) exemption, they do not fall under the exemption, which must be "narrowly construed against the employers seeking to assert them," (Arnold, *supra*, 361 U.S. at 392 (1960)).

Finally, Defendants' contention that the "motor carrier exemption" (20 U.S.C. § 213(b)(1)) applies is, at best, premature. Whether an entity qualifies as a "motor carrier" or "private motor carrier" subject to regulation by the Secretary of Transportation under 49 U.S.C. § 31502, and thus falls within the motor carrier exemption, is a question of fact which requires an analysis of the goods being transported, the goods' origin, and their destination. *See generally* Bilyou v. Dutchess Beer Distributors, Inc., 300 F.3d 217 (2nd Cir. 2002). In any event, New York law requires that "an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act... overtime at a wage rate of one and one half times the basic minimum hourly rate." 12 N.Y.C.R.R. § 142-2.2. The Second Circuit Court of Appeals has explicitly recognized New York's authority to impose time and one half requirements on drivers, even if they are exempt from FLSA's overtime requirements (Pettis Moving Co., Inc. v. Roberts, 784 F.2d 439 (2nd Cir. 1986)).

In short, it is clear that Defendants' motion to dismiss under F.R.C.P. Rule 12 would be futile, both because questions of fact exist precluding dismissal (Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), and because the FLSA exemptions Defendants rely upon do not apply to the Plaintiffs and other similarly situated individuals, and the Defendants' request for dismissal must be denied.

Sincerely,

James Emmet Murphy

Cc:    Robert F. Milman, Esq.