UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
KHALID McBETH and CARMINE CASCONE,
individually and on behalf of all other persons similarly
situated who were employed by GABRIELLI TRUCK SALES,
LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT,
L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and
GABRIELLI FORD TRUCK SALES & SERVICE INC.;
and/or any other entities affiliated with or controlled by
GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK
SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK
SERVICE, INC.; GABRIELLI FORD TRUCK SALES &
SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO
GABRIELLI,

                              Plaintiff,        MEMORANDUM
                                                            OPINION AND ORDER

                -against-                         CV 09-04112 (LDW) (ETB)[1]

GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF CONNECTICUT,
L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and
GABRIELLI FORD TRUCK SALES & SERVICE INC.;
ARMANDO GABRIELLI; AMEDEO GABRIELLI;
and/or any other entities affiliated with or controlled by
GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK
SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK
SERVICE, INC.; GABRIELLI FORD TRUCK SALES
& SERVICE   INC.; ARMANDO GABRIELLI,
and/or AMEDEO GABRIELLI,

                              Defendants.
----------------------------------------------------------------------------X

     Before the court is Plaintiffs' motion for leave to file a second amended complaint to

---

[1] The Court is grateful to Diana Mahoney, a summer intern and second-year law student at Brooklyn Law School, for her assistance in the preparation of this Memorandum Opinion and Order.

1

allege an additional claim under New York Labor Law § 663(1) and to expand the allegations of the complaint to include another corporate location located in Dayton, New Jersey. Defendants oppose Plaintiffs' motion on the grounds that it is futile. For the following reasons, Plaintiffs' motion for leave to amend is granted.

FACTS

Plaintiffs, Khalid McBeth and Carmine Cascone ("Plaintiffs"), bring this action on their own behalf and on behalf of all other similarly situated individuals who are present or former employees of Defendants Gabrielli Truck Sales, Ltd., Gabrielli Truck Sales of Connecticut L.L.C., Gabrielli Truck Service Inc., and Gabrielli Ford Truck Sales & Service, Inc. (the "Corporate Defendants") from September 2003 through the present. (Proposed 2d Am. Compl. ¶ 15.) Defendants in this action are comprised of both corporate and individual defendants engaged in the automotive truck sales and service business. (Proposed 2d Am. Compl. ¶ 9-12.) Plaintiffs initially brought this action to recover unpaid overtime compensation allegedly owed to those persons presently or formerly employed by Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Sections 142-2.2 and 2.4 of the New York Codes, Rules and Regulations. (Proposed 2d Am. Compl. ¶ 1.) Plaintiffs filed their original Complaint on September 23, 2009, commencing a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and a class action under Rule 23 of the Federal Rules of Civil Procedure. (Proposed 2d Am. Compl. ¶ 16.) On January 8, 2010, prior to Defendants' service of a responsive pleading, Plaintiffs filed a First Amended Class Action Complaint.

Defendants Gabrielli Truck Sales, Ltd., Gabrielli Truck Service Inc., and Gabrielli Ford

Truck Sales & Service, Inc. are organized under the laws of the State of New York and have their principal place of business in New York. (Proposed 2d Am. Compl. ¶ 11-12.) Defendant Gabrielli Truck Sales of Connecticut, LLC is organized under the laws of the State of Connecticut, with its principal place of business there. (Proposed 2d Am. Compl. ¶ 10.) The individual Defendants, Armando Gabrielli and Amedeo Gabrielli (the "Individual Defendants"), are the sole shareholders and officers of Gabrielli Truck Sales Ltd., Gabrielli Truck Services, Inc., and Gabrielli Truck Sales and Service Inc. (Proposed 2d Am. Compl. ¶ 29-30.) Both the Corporate Defendants as well as the Individual Defendants are currently or were in the past considered "employers" as defined by the FLSA, 29 U.S.C. §203(d). (Proposed 2d Am. Compl. ¶ 35-36.)

Plaintiffs allege that Defendants engaged in the regular practice of requiring employees to work in excess of 40 hours per week, without providing overtime compensation as mandated by the applicable federal and state laws. (Proposed 2d Am. Compl. ¶ 23.) Specifically, Plaintiffs, and members of the putative class, allege that they were required by Defendants to work ten or more hours per day, five or more days per week, and that they did in fact work such hours. (Proposed 2d Am. Compl. ¶ 25.) Plaintiffs further allege that Defendants failed to maintain accurate and complete payroll records, as required by both the FLSA and state law. (Proposed 2d Am. Compl. ¶ 26.) Thus, Plaintiffs claim that Defendants are liable to members of the putative class in an amount to be determined at trial, plus liquidated damages equal to twenty-five percent (25%) of the amount of unpaid wages, as well as interest, attorney's fees, and costs. (Proposed 2d Am. Compl. ¶ 48.)

## The Proposed Amendment

Plaintiffs now seek to amend the First Amended Class Action Complaint to include an additional claim under New York Labor Law § 663(1). This claim was omitted from Plaintiff's previous Complaints because, at the time, it was inconsistent with a Second Circuit decision that held that Section 901(b) of the New York Civil Practice Law and Rules, which prohibits certain lawsuits from being brought as a class action, was a substantive rule of state law that applied in federal court. See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 549 F.3d 137 (2d Cir. 2008), rev'd, 130 S. Ct. 1431 (2010). However, on March 31, 2010, the Supreme Court reversed the Second Circuit decision and held that a suit seeking penalties or statutory minimum damages under state law may proceed in federal court as a class action under Rule 23 of the Federal Rules of Civil Procedure. See id. at 1438. Thus, Plaintiffs contend that they should now be permitted to amend their Complaint to seek liquidated damages under New York law. (Pl. Mem. Of Law 3.)

In addition, the Proposed Second Amended Complaint contains a more precise description of Defendants' business and includes an additional corporate facility located in Dayton, New Jersey (the "Dayton facility"), which Plaintiffs allege to be owned and operated as another place of business by Defendants. (Proposed 2d Am. Compl. ¶ 22.) Defendants object to the addition of the Dayton facility, arguing that the facility is "not owned by any Corporate Defendant." (Def. Mem. Of Law in Opp'n. 4.)

DISCUSSION

I.       Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings before trial and provides, in pertinent part, that leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant or deny leave to amend is within the sound discretion of the district court. See Foman v. Davis, 371 U.S. 178, 182 (1962).

The Supreme Court has interpreted Rule 15(a)(2) to allow a plaintiff an opportunity to test his claim on the merits if the underlying facts or circumstances relied upon may be a proper subject of relief. See Foman, 371 U.S. at 182. Under Foman, leave should be "freely given" in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. See id. The Second Circuit has also liberally interpreted Rule 15(a), finding that "if the party seeking to amend has at least colorable grounds for relief, justice requires that its motion be granted." Randolph Rand Corp. v. Tidy Handbags, No. 96-1829, 2001 U.S. Dist. LEXIS 17625, at *16 (S.D.N.Y. October, 24, 2001) (citing Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 783 (2d Cir. 1984)). Moreover, amendments seeking to assert or correct matters about which parties should have known, but did not know, are plainly within the scope of Rule 15(a). See Hanlin v. Mitchelson, 794 F.2d 834, 841 (2d Cir. 1986).

Here, Plaintiffs allege that the Dayton facility is one of several truck sales and service

locations where Defendants employ individuals. (Proposed 2d Am. Compl. ¶ 22.) Defendants deny ownership of the Dayton Facility and argue that there is no factual basis to expand the lawsuit to include a facility in New Jersey operated by a non-party. (Def. Mem. Of Law in Opp'n. 2.) Thus, Defendants conclude that the complete absence of any facts to support a claim against the New Jersey facility renders Plaintiffs' proposed inclusion of the New Jersey facility futile. (Def. Mem. Of Law in Opp'n. 4.)

Defendants' opposition does not address plaintiffs' request to add an additional claim under New York Labor Law § 663 except to assert in a footnote that they believe the claim "was waived by non-assertion in the initial and first amended complaints" and that they "reserve their right to raise waiver as a defense." (Def. Mem. of Law in Opp'n 2 n.1.)

II.     Futility of Adding the Dayton Facility

When determining whether a proposed amendment is futile, the court must determine whether the proposed amendment would withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Prudential Ins. Co. v. BMC Indus., Inc., 655 F. Supp. 710, 711 (S.D.N.Y. 1987). It is well-settled that a Rule 12(b)(6) motion is based solely on the allegations found within the complaint, see Randolph Rand Corp., 2001 U.S. Dist. LEXIS 17625, at *16, and that in deciding a motion to dismiss, the court must accept as true all of the factual allegations set out in the plaintiff's complaint. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007). Specifically, the court must construe all of the allegations contained in the pleadings in the light most favorable to the plaintiff. See Randolph Rand Corp., 2001 U.S. Dist. LEXIS 17625, at *16. Thus, the court must determine whether Plaintiffs' claims with respect to the

Dayton facility could survive dismissal under a Rule 12(b)(6) motion based solely upon consideration of the facts that appear on the face of the Proposed Second Amended Complaint. See Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).

Plaintiffs' allege that Defendants employed numerous individuals at their truck sales and service location in Dayton, New Jersey, working as drivers, warehouse workers, parts counter workers, servicemen and in other related occupations. (Proposed 2d Am. Compl. ¶ 22.) The Corporate Defendants attempt to disassociate themselves with the Dayton facility by denying that the facility is owned by any Corporate Defendant and by asserting that the facility does not employ any Partsmen, plaintiffs' primary employee position. (Def. Mem. Of Law In Opp'n 4.) However, Defendants' assertion raises issues of fact, which are more appropriately determined in the context of a motion for summary judgment. As stated supra, it is well-settled that in considering a motion to dismiss, the court must limit itself to a consideration of the facts that appear on the face of the complaint. See Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). Thus, the consideration of any issues of factual dispute regarding the ownership of the Dayton facility is inappropriate at this stage of the litigation.

The Proposed Second Amended Complaint alleges that the Dayton facility is one of several truck sales and service locations maintained as a place of business by Defendants. (Proposed 2d Am. Compl. ¶ 22.) It further alleges that this facility employs individuals, drivers, warehouse workers, parts counter workers, servicemen, and others, who are presumably included among the putative class. (Proposed 2d Am. Compl. ¶ 22.) Accordingly, taking the

allegations as true, as the court must, Plaintiffs have alleged a sufficient connection between the Dayton facility and Defendants.

The issue before the Court is whether the allegations in the Proposed Second Amended Complaint could survive a motion to dismiss, not whether Plaintiffs can factually prove that the Dayton facility itself is in fact liable for FLSA and New York Labor Law violations. See Randolph-Rand Corp. 2001 U.S. Dist. 2001 LEXIS 17625 at *20. Since the Proposed Second Amended Complaint successfully alleges that Defendants "employed numerous individuals" in Dayton, New Jersey, it is unlikely that the proposed amendments would be subject to immediate dismissal due merely to the inclusion of the Dayton facility. (Proposed 2d Am. Compl. ¶ 22.) Accordingly, permitting Plaintiffs to amend their Complaint to include the Dayton facility is not futile and leave to amend is granted.

IV.  Addition of New York Labor Law § 663(1) Claim

The addition of a New York Labor Law § 663 claim is granted in light of the Supreme Court's recent reversal of the Second Circuit decision, which found that a suit seeking penalties or statutory minimum damages under state law may proceed in federal court as a class action under Rule 23 of the Federal Rules of Civil Procedure. See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 549 F.3d 137 (2d Cir. 2008), rev'd, 130 S. Ct. 1431 (2010). Since this reversal provides a class action cause of action not previously available to Plaintiffs prior to the Supreme Court's reversal, Plaintiffs are afforded leave to amend their complaint to add this claim.

CONCLUSION

For the forgoing reasons, Plaintiffs' motion to amend their complaint a second time is granted in its entirety. Plaintiffs are directed to file their Second Amended Complaint within ten (10 ) days of the date of this Order.

**SO ORDERED:**

Dated: Central Islip, New York
      August 5, 2010

                                            E. THOMAS BOYLE
                                            United States Magistrate Judge