# V&A

## VIRGINIA & AMBINDER LLP

TRINITY CENTRE
111 BROADWAY · SUITE 1403
NEW YORK, NEW YORK 10006

JAMES EMMET MURPHY
jmurphy@vandallp.com

TELEPHONE (212) 943-9080
TELECOPIER (212) 943-9082

NEW YORK
NEW JERSEY
www.vandallp.com

November 22, 2010

**VIA ECF**
The Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      Re:    McBeth, et al. v. Gabrielli Truck Sales, Ltd., et al.
               Index No.: 09cv04112(LDW)(ETB)

Dear Judge Wexler,

      This firm is counsel to the Plaintiffs in the above-referenced action. Pursuant to the parties' stipulation of June 24, 2010, which was so-ordered by this Court on June 28, 2010, Plaintiffs' time to file collective and class action motions, along with Plaintiffs' pending motion to compel, was stayed pending resolution of Defendants' motion for summary judgment. Pursuant to the Court's November 2, 2010 Order, denying Defendants' motion for summary judgment, the parties jointly submit the following letter updating the Court on the status of the action, and requesting that a new scheduling order be entered.

      Defendants have filed a motion for reconsideration or, in the alternative, for leave to appeal this Court's November 2 Order. The Greater New York Automobile Dealers Association, New York State Automobile Dealers Association, and the National Automobile Dealers Association have filed a motion to appear as amici curiae and submit a memorandum of law in support of Defendants' motion for reconsideration. Plaintiffs shall oppose Defendants' motion in accordance with the timeline set out in the Court's November 16, 2010 Order.

      Plaintiffs intend to file a motion for conditional certification of this action as a collective action under 29 U.S.C. § 216(b) on or before December 6, 2010. Defendants intend to oppose Plaintiffs' motion for conditional certification. Defendants request that the Court stay briefing on the motion for conditional certification until the Court rules on the request for reconsideration, since it is Defendants' position that if the motion is granted as to the section 28 U.S.C. §213(b)(10) exemption, the case would be dismissed. Plaintiffs disagree with this position. The Court has ordered that briefing on the motion for reconsideration be completed by late December.

Commencing immediately, Plaintiffs request pre-class certification discovery in anticipation of filing a motion for Rule 23 class certification of Plaintiffs' state-law claims. Plaintiffs have currently pending before the Court a motion to compel discovery responses of Defendants, which was held in abeyance pending the determination of Defendants' summary judgment motion. Plaintiffs now request that the Court reschedule argument on the motion to compel, which had been stayed pending the Court's decision on the motion for summary judgment. Defendants do not object to this request. Additionally, Plaintiffs require depositions of representatives of Defendants, to commence as soon as practicable.

Barring any further discovery disputes, Plaintiffs anticipate filing a motion for Rule 23 class certification on or before March 1, 2011. The parties are available for a conference should the Court have any questions.

Sincerely,

James Emmet Murphy

cc:  Jeffrey Brecher, Esq. (email)
     Jeff Brown. (email)

JEM/