UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHALID McBETH and CARMINE CASCONE, individually and on behalf of all other persons similarly situated who were employed by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; and GABRIELLI FORD TRUCK SALES & SERVICE INC.; and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI, and/or AMEDEO GABRIELLI,<br><br>Plaintiffs,<br><br>- against -<br><br>GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI; AMEDEO GABRIELLI; and/or any other entities affiliated with or controlled by GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC.; ARMANDO GABRIELLI; and/or AMEDEO GABRIELLI,<br><br>Defendants. | 09 cv 4112 (LDW) (ETB) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' "MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 1, 2010 ORDER, OR ALTERNATIVELY, FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND STAY OF PROCEEDINGS PENDING APPEAL"**

**TABLE OF CONTENTS**

Table of Authorities............................................................................................................................ii

Introduction..........................................................................................................................................1

Argument..............................................................................................................................................1

     I.     The Partsmen Exemption Is Inapplicable....................................................................1

     II.    The Motor Carrier Exemption Is Inapplicable............................................................5

     III.   An Interlocutory Appeal Would Be Inappropriate.....................................................7

Conclusion...........................................................................................................................................12

# **TABLE OF AUTHORITIES**

**Cases**

*Arnold v. Ben Kanowsky, Inc.*,
  361 U.S. 388 (1960)............................................................................................................5

*Baumgarten v. County of Suffolk*,
  2010 WL 4177283 (E.D.N.Y. Oct. 15, 2010)...................................................................7-8

*Brennan v. Deel Motors, Inc.*,
  475 F.2d 1095 (5th Cir. 1973)............................................................................................4

*Brennan v. North Brothers Ford, Inc.*,
  1975 WL 1074 (E.D. Mich. Apr. 17, 1975),
  *aff'd sub nom. Dunlop v. North Brothers Ford, Inc.*,
  529 F.2d 524 (6th Cir. 1976)..............................................................................................4

*Consub Celaware, LLC v. Schahin Engenharia Limitada*,
  476 F. Supp.2d 305 (S.D.N.Y. 2007).................................................................................8

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978)............................................................................................................8

*Dayton v. Coral Oldsmobile*,
  684 F. Supp. 290 (S.D. Fla. 1988)...................................................................................3, 4

*Edwards v. Jet Blue Airways Corp.*,
  2008 WL 4482409 (N.Y. Sup. Ct. Kings Co. Oct. 6, 2008).........................................10-11

*Firestone Tire & Rubber Co. v. Risjord*,
  449 U.S. 368 (1981)............................................................................................................7

*Flanigan v. United States*,
  465 U.S. 259 (1984)............................................................................................................7

*Flor, In re*,
  79 F.3d 281 (2d Cir. 1996).............................................................................................7, 8

*Gottesman v. General Motors Corp.*,
  268 F.2d 194 (2d Cir. 1959)...............................................................................................8

*Isra Fruit Ltd. v. Agrexco Agricultural Export Co.*,
  804 F.2d 24 (2d Cir. 1986)............................................................................................9-10

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)..................................................................................................8

*Koehler v. Bank of Bermuda Ltd.*,
    101 F.3d 863 (2d Cir. 1996)..................................................................................................7

*Nasca v. County of Suffolk*,
    2010 WL 3713186 (E.D.N.Y. Sept. 13, 2010)....................................................................3

*National Asbestos Workers Medical Fund v. Philip Morris, Inc.*,
    71 F. Supp.2d 139 (E.D.N.Y. 1999)..................................................................................7, 8

*Ravnikar v. Latif*,
    2010 WL 4875877 (E.D.N.Y. Nov. 23, 2010)....................................................................1

*Said v. SBS Electronics, Inc.*,
    2010 WL 1265186 (E.D.N.Y. Feb. 24, 2010)....................................................................11

*Shrader v. CSX Transportation, Inc.*,
    70 F.3d 255 (2d Cir. 1985)..................................................................................................1

*United States v. Hollywood Motor Car Co.*,
    458 U.S. 263 (1982)..............................................................................................................7

*Walton v. Greenbrier Ford, Inc.*,
    370 F.3d 446 (4th Cir. 2004)...............................................................................................4

*Young v. Cooper Cameron Corp.*,
    586 F.3d 201 (2d Cir. 2009)............................................................................................5, 6

**Statutory Provisions**

28 U.S.C. § 1292(b)......................................................................................................................7

29 U.S.C. § 207.............................................................................................................................1

29 U.S.C. § 213.............................................................................................................................1

29 U.S.C. § 213(b)(1)................................................................................................................5-6

29 U.S.C. § 213(b)(10)..................................................................................................................2

29 U.S.C. § 213(b)(10)(A).........................................................................................2, 4, 5, 8, 10

49 U.S.C. § 31502.........................................................................................................................6

## INTRODUCTION

On September 23, 2009, Plaintiffs Khalid McBeth and Carmine Cascone commenced this action against Gabrielli Truck Sales, Ltd. and its affiliates and owners to recover unpaid overtime compensation under section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and similar provisions of New York law. On July 30, 2010, Defendants served a motion for summary judgment invoking the "partsmen" and "motor carrier" exemptions under section 13 of the FLSA, 29 U.S.C. § 213. On November 1, 2010, in a thoroughly reasoned 14-page Memorandum and Order (the "Order"), the Court denied Defendants' motion for summary judgment in its entirety. On November 15, 2010, Defendants filed a motion for reconsideration or, in the alternative, for certification of an interlocutory appeal of a portion of the Order. For the reasons discussed below, that motion likewise should be denied in its entirety.

## ARGUMENT

### I.   The Partsmen Exemption Is Inapplicable

A motion for reconsideration "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Ravnikar v. Latif*, 2010 WL 4875877, at *1 (E.D.N.Y. Nov. 23, 2010) (citation and internal quotation marks omitted). Thus, "a motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1985). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.*

Here, it is undisputed that the Court did *not* overlook any controlling authority. Defendants expressly acknowledge that "there [are] no controlling Second Circuit decisions and

not a single decision from New York district courts applying the [partsmen] exemption" under 29 U.S.C. § 213(b)(10). (Mem. at 20.) Defendants and their amici merely argue that the Court incorrectly interpreted that statutory provision, which provides an exemption for "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." 29 U.S.C. § 213(b)(10)(A).

The Court correctly ruled that this statutory exemption has three requirements: (1) "that the employee be either a salesman, partsman, or mechanic"; (2) "that such salesman, partsman, or mechanic be 'primarily engaged in selling or servicing' the vehicles set forth in the statute"; and (3) "that such salesman, partsman, or mechanic's employer be a 'nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.'" (Order at 7) (paragraph breaks omitted) (quoting 29 U.S.C. § 213(b)(10)(A)). The Court did *not* overlook Defendants' argument that the exemption has only two components. Rather, the Court expressly acknowledged Defendants' argument and expressly rejected it. As the Court correctly noted, Defendants' argument improperly "collapse[s] the first two statutory criteria, arguing that all 'partsmen' are within the exemption, without regard as to how these individuals spend their time." (*Id.* at 7 n.1.) The Court correctly ruled that the exemption is inapplicable to Plaintiffs McBeth and Cascone because they were not "primarily engaged in selling or servicing" trucks. (*Id.* at 7-11.)

In seeking reconsideration, Defendants and their amici merely rehash all of the statutory construction arguments that Defendants previously advanced unsuccessfully in their motion for summary judgment. In rejecting Defendants' arguments, the Court explained:

> Certainly, Plaintiffs were, in some broad sense, involved in the Gabrielli service operation. Indeed, their work was important to the mechanics' servicing duties. As partsmen, however, Plaintiffs did not actually work on vehicles. Instead, they filled orders placed by on site service personnel, or by consumers. Defendants argue that to apply the statutory exemption only to "partsmen" who actually work on vehicles would be to define these individuals as mechanics, and thereby render the statutory use of the label "partsmen," superfluous. Still, the requirement that partsmen be "primarily engaged" in the "service" of vehicles suggests that there are partsmen who may not be so engaged. Accordingly, the court construes the statute to refer and distinguish between partsmen who are primarily engaged in the service of vehicles, and those who are not. It is only the former who are covered by the statutory exemption.

(Order at 8.) The Court also noted that "[t]he 1966 Congressional debate on this exemption makes clear that it was the intent of Congress to exempt from overtime compensation those dealership employees who worked irregular and/or seasonal hours and/or were paid on a commission basis." (*Id.* at 9.) The Court correctly held that "[c]onsideration of legislative intent . . . along with the [Supreme Court's] directive that FLSA exemptions be narrowly construed, leads [to the conclusion] that while the type of work performed by the Plaintiffs can fall within a broad definition of the term, 'partsmen,' their jobs were not the type of work intended to be exempted from the overtime provisions of the FLSA." (*Id.* at 10.)

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Nasca v. County of Suffolk*, 2010 WL 3713186, at *3 (E.D.N.Y. Sept. 13, 2010) (citation and internal quotation marks omitted). Here, Defendants have cited no legal authority justifying the "extraordinary" relief they seek. Contrary to Defendants' assertion, the Court's decision in the instant case does not conflict with *Dayton v. Coral Oldsmobile*, 684 F. Supp. 290 (S.D. Fla. 1988). There is no indication in the court's opinion in *Dayton* that the plaintiff in that case argued – as Plaintiffs have successfully argued

here – that he was non-exempt because he was not "primarily engaged in servicing" vehicles, within the meaning of 29 U.S.C. § 213(b)(10)(A).  Thus, the *Dayton* court had no occasion to address that argument.

Furthermore, the *Dayton* court held that, "in determining whether the job performed was exempt from the FLSA," it was "important" that the plaintiff in that case "was paid on a salary-plus-commission basis."  684 F. Supp. at 292.  Thus, *Dayton* directly refutes Defendants' argument that this Court should disregard the fact that, in the instant case, Plaintiffs' pay was not tied to their individual job performance.  That critical distinction also casts serious doubt on Defendants' and their amici's prediction that this Court's decision will have catastrophic consequences for thousands of other dealerships.  Many dealerships pay substantial commissions to their partsmen, and hence will be unaffected by this Court's ruling.

This Court's decision is completely consistent with the holdings of the other three cases discussed at pages 6-9 of Defendants' memorandum, which involved not partsmen but "service writers," "service advisors," and "service salesmen."  In each of those cases, commissions constituted a substantial portion of the plaintiffs' compensation.  *See Walton v. Greenbrier Ford, Inc.*, 370 F.3d 446, 450 (4th Cir. 2004) (noting that plaintiffs received "a percentage commission on every service order they wrote"); *Brennan v. Deel Motors, Inc.*, 475 F.2d 1095, 1097 (5th Cir. 1973) (noting that plaintiffs "receive a substantial part of their remuneration from commissions and therefore are more concerned with their total work product than with the hours performed"); *Brennan v. North Brothers Ford, Inc.*, 1975 WL 1074, at *1 (E.D. Mich. Apr. 17, 1975) (noting that plaintiffs received "significant commission payments"), *aff'd sub nom. Dunlop v. North Brothers Ford, Inc.*, 529 F.2d 524 (6th Cir. 1976).  Accordingly, even if those decisions were

binding on this Court – which they obviously are not – they would not warrant reconsideration of this Court's decision to deny Defendants' motion for summary judgment.

At page 14 of their amicus brief, the trade associations argue that this Court should "interpret the exemption ***precisely as written*** by Congress." (Emphasis in original.) This Court has, indeed, interpreted the exemption precisely as Congress wrote it. As noted above, the Order identifies "three requirements" prescribed by "the plain language of the statute," and concludes that only two of those three requirements are satisfied. (Order at 7.) Under the plain language of the statute, the exemption is inapplicable because plaintiffs were not "primarily engaged in selling or servicing" cars or trucks. 29 U.S.C. § 213(b)(10)(A). Although the trade associations profess to advocate a literal interpretation of the statute, the substance of their argument is that the proper inquiry is not whether the employees are primarily engaged in "selling or servicing" vehicles – as the statute requires – but rather whether the employees are primarily engaged in "parts activities." (Amicus Br. at 8.) Thus, the trade associations would have the Court rewrite the statute to create a broader exemption than Congress enacted. Their argument not only deviates from the plain meaning of the statute, but also contravenes the maxim that FLSA exemptions should be "narrowly construed against the employers seeking to assert them." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). *Accord Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009). If the trade associations are dissatisfied with the language of the statute as currently written, they should address their lobbying efforts to Congress rather than to the judiciary.

## II. The Motor Carrier Exemption Is Inapplicable

The FLSA's motor carrier exemption applies to employees whose qualifications and maximum hours of service are subject to regulation by the Secretary of Transportation. *See* 29

U.S.C. § 213(b)(1) (citing 49 U.S.C. § 31502). In their motion for summary judgment, Defendants argued that both McBeth and Cascone were subject to the motor carrier exemption on the ground that they were "loaders." The Court correctly rejected that argument in its entirety. (Order at 12-14.) Defendants have not sought reconsideration of that aspect of the Order. Similarly, the trade associations have made clear that they have "no opinion" on that issue. (Amicus Br. at 5 n.3.)

Without support from their amici, Defendants argue that Cascone was a "driver" covered by the motor carrier exemption not only prior to October 1, 2004 (which is undisputed), but also thereafter. The parties stipulated that "excluded from this lawsuit are any employees who operated vehicles exceeding 10,000 lbs. gross vehicle weight, for any *calendar quarter* in which they operated such vehicles." (Doc. 14, ¶ 6) (emphasis added). From October 1, 2004 through March 17, 2007, Cascone worked in the warehouse. (Doc. 45-18 at 6.) Cascone very rarely drove a truck during that period. (Cascone Dep. at 63-64.) Neither Cascone's deposition testimony that he "maybe once or twice every two months" drove a truck (which was a guess that he made during his deposition more than three years after his employment ended), nor his supervisor's subsequent affidavit that Cascone "drove a delivery truck approximately once per month," is sufficient to demonstrate that Cascone drove a truck during any specific calendar quarter between October 2004 and March 2007. There are no documents showing that Cascone drove a truck on any specific date, or during any specific calendar quarter. Accordingly, Defendants have wholly failed to meet their "burden of proving that the employee *clearly* falls within the terms of the exemption." *Young*, 586 F.3d at 204 (emphasis added).

### III.     An Interlocutory Appeal Would Be Inappropriate

In addition to denying Defendants' motion for reconsideration, the Court should adhere to the "final judgment rule" and deny Defendants' request for certification of an interlocutory appeal.  The final judgment rule "requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'"  *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 71 F. Supp.2d 139, 147 (E.D.N.Y. 1999) (quoting *Flanigan v. United States*, 465 U.S. 259, 263 (1984) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981))) (internal quotation marks omitted).  "The Supreme Court has repeatedly held that the 'policy of Congress embodied in [the final judgment rule] is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation[.]'"  *National Asbestos*, 71 F. Supp.2d at 147 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)).  Ever since the enactment of the Judiciary Act of 1789, the final judgment rule has been "[a] cornerstone of the federal judicial system, defining the institutional relationship of the district and appellate courts."  *National Asbestos*, 71 F. Supp.2d at 146.

The statutory provision that Defendants seek to invoke, 28 U.S.C. § 1292(b), is "a rare exception to the final judgment rule."  *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996).  "[U]se of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citations and internal quotation marks omitted).   The power of a district court to certify an interlocutory appeal "is limited to extraordinary cases where appellate review might avoid protracted and extensive litigation, . . . and is not intended as a vehicle to provide early review of difficult rulings in hard cases."  *Baumgarten v. County of Suffolk*, 2010 WL 4177283, at *1

(E.D.N.Y. Oct. 15, 2010) (quoting *Consub Celaware, LLC v. Schahin Engenharia Limitada*, 476 F. Supp.2d 305, 309 (S.D.N.Y. 2007)) (additional citations and internal quotation marks omitted).

As a threshold step, a party seeking to pursue an interlocutory appeal must persuade the district court to certify that there is "(1) a controlling question of law, (2) that involves a substantial ground for difference of opinion, (3) the resolution of which by the court of appeals will materially advance the termination of the dispute." *National Asbestos*, 71 F. Supp.2d at 145. These "precise conditions" must be satisfied before an order may be certified for interlocutory appeal. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (quoting *Gottesman v. General Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)). Even if these conditions are satisfied, however, the district court has "unreviewable discretion to deny certification." *National Asbestos*, 71 F. Supp.2d at 146 (citation and internal quotation marks omitted). And, even if the district court certifies its order for interlocutory appeal, "[t]he court of appeals may still refuse to hear the case in its full discretion 'for any reason.'" *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

In the instant case, this Court should deny certification because there is no substantial ground for difference of opinion concerning the proper interpretation of the exemption prescribed by 29 U.S.C. § 213(b)(10)(A). As the Order itself points out, this Court rendered its decision in accordance with "the plain language of the statute." (Order at 7.) As discussed above, this Court's decision is fully consistent with the cases upon which Defendants and their amici rely, none of which addressed the precise issue presented here. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Flor*, 79 F.3d at 284.

In addition, this Court should deny certification because an interlocutory appeal – especially if it is accompanied by a stay – is more likely to prolong this dispute than to materially advance its termination.  It is not unusual for an appeal to take a year or more, particularly if it involves oral argument and a published opinion.  If, as is likely, the Second Circuit affirms this Court's interlocutory Order, then this litigation will remain ongoing.  In that event, Plaintiffs would most likely be unable to move for class certification until the end of 2011 or the beginning of 2012, instead of in early 2011.

Even in the unlikely event that the Second Circuit disagrees with this Court's interpretation of the partsmen exemption, this litigation would remain ongoing because other issues would remain to be adjudicated.  At page 8 of its Order, this Court correctly drew a distinction between non-exempt employees who are "in some broad sense, involved in the Gabrielli service operation" and exempt employees who are "primarily engaged in the service of vehicles."  If Defendants somehow persuade the Second Circuit to reject that distinction, and to hold instead that an employee can be exempt even if he is merely "involved in the Gabrielli service operation," then it would be necessary to apply that new standard to the specific facts of this case.  In that hypothetical scenario, McBeth would presumably be found to have been an exempt employee while he worked at the "back parts counter," but not during the subsequent period when he worked at the "front parts counter."  During the latter period, McBeth had no contact with the Gabrielli mechanics or technicians who performed service on trucks.  During that period, McBeth merely sold truck parts to outside customers.  (McBeth Dep. at 93.)  Accordingly, even in a "broad" sense, McBeth had nothing to do with "servicing" trucks during that period.  Inasmuch as McBeth would retain at least a portion of his FLSA claim regardless of the outcome of an appeal, it is "quite unlikely that an immediate appeal may materially advance

the termination of this lawsuit." *Isra Fruit Ltd. v. Agrexco Agricultural Export Co.*, 804 F.2d 24, 25 (2d Cir. 1986).

Similarly, it is highly unlikely that an interlocutory appeal would fully dispose of Cascone's entire FLSA claim. "Cascone was responsible for locating parts to satisfy customer orders." (Order at 5.) "Cascone would either deliver parts to the in-house counter person, or directly to consumers. Cascone's duties also involved packing parts for shipment pursuant to specific orders." (*Id.*) "Cascone retrieved and delivered previously identified parts. He either delivered those parts to on site individuals, or packed them for shipment to off site locations." (*Id.*) The statutory exemption applies only to employees who are "primarily engaged in selling or servicing" vehicles. 29 U.S.C. § 213(b)(10)(A). The record does not reflect what portion of his time Cascone spent retrieving and delivering parts needed by Gabrielli's mechanics, and what portion of his time he spent retrieving and delivering parts for outside consumers. This distinction could become important on appeal because, even under an improperly broad interpretation of the statutory exemption, "servicing" trucks would encompass only the former category of work, and not the latter. Accordingly, even if the Second Circuit were to adopt a broad interpretation of the term "servicing," further proceedings would be necessary to determine whether Cascone was "primarily engaged" in retrieving and delivering parts needed by Gabrielli's mechanics.

Finally, even if the FLSA claims were fully resolved in Defendants' favor, the litigation between the parties would remain ongoing. New York law provides that even an FLSA-exempt employee is entitled to overtime pay for all time worked in excess of 40 hours per week. The state-law hourly rate of overtime pay must be at least the greater of 150% of the statutory minimum wage or 100% of the employee's "regular rate" of pay. *Edwards v. Jet Blue Airways*

*Corp.*, 2008 WL 4482409 (N.Y. Sup. Ct. Kings Co. Oct. 6, 2008). There is a disagreement between the parties concerning the proper method of calculating a salaried employee's "regular rate." Plaintiffs contend that the "regular rate" is equal to the salary divided by 40 hours. (Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, at 20.) Courts addressing analogous situations under the FLSA have reached precisely that conclusion. *See, e.g., Said v. SBS Electronics, Inc.*, 2010 WL 1265186, at *7 (E.D.N.Y. Feb. 24, 2010) (citing additional cases). Defendants contend that the "regular rate" is equal to the salary divided by the total amount of time worked, which in this case was approximately 53 hours per week. (Defendants' Reply Memorandum of Law in Support of Their Motion for Summary Judgment, at 9; *see also* Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment, at 1 n.1.) In light of this Court's resolution of the FLSA issues, this Court had no occasion to reach this disputed issue pertaining to Plaintiffs' alternative claims under New York law. If the Second Circuit rules that Plaintiffs were FLSA-exempt employees, this disputed state-law issue would then become ripe for adjudication.

## **CONCLUSION**

For the foregoing reasons, the FLSA exemptions are inapplicable and an interlocutory appeal would be inappropriate. Accordingly, Defendants' motion should be denied in its entirety.

Dated: New York, New York  
        December 15, 2010

Respectfully submitted,

VIRGINIA & AMBINDER, LLP

By: ___/s/ *Marc A. Tenenbaum*_____  
Lloyd R. Ambinder  
Marc A. Tenenbaum  
111 Broadway, Suite 1403  
New York, New York 10006  
212-943-9080  
212-943-9082 (fax)

-and-

Jeffrey K. Brown  
LEEDS MORELLI & BROWN, P.C.  
One Old Country Road, Suite 347  
Carle Place, New York 11514  
(516) 873-9550

*Attorneys for Plaintiffs and Putative Class*