UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KHALID McBETH and CARMINE CASCONE,
individually and on behalf of all other persons
similarly situated who were employed by
GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF
CONNECTICUT, LLC, GABRIELLI TRUCK
SERVICE, INC. and GABRIELLI FORD
TRUCK SALES AND SERVICE, INC.; and/or
any other entities affiliated with or controlled
by GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF
CONNECTICUT, LLC  GABRIELLI TRUCK
SERVICE, INC. and GABRIELLI FORD
TRUCK SALES AND SERVICE, INC.;
ARMANDO GABRIELLI, and/or AMEDEO
GABRIELLI,

                       Plaintiffs,

     -against-

GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF
CONNECTICUT, LLC, GABRIELLI TRUCK
SERVICE, INC. and GABRIELLI FORD
TRUCK SALES AND SERVICE, INC.; and/or
any other entities affiliated with or controlled
by GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF
CONNECTICUT, LLC  GABRIELLI TRUCK
SERVICE, INC. and GABRIELLI FORD
TRUCK SALES AND SERVICE, INC.;
ARMANDO GABRIELLI, and/or AMEDEO
GABRIELLI,

                       Defendants.

------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 09-4112

(Wexler, J.)

APPEARANCES:

    VIRGINIA & AMBINDER, LLP
    BY: LLOYD R. AMBINDER, ESQ.
        JAMES EMMET MURPHY, ESQ.
    Attorneys for Plaintiffs
    111 Broadway, 14th Floor
    New York, New York 10006

    LEEDS MORELLI & BROWN, P.C.
    BY: JEFFREY KEVIN BROWN, ESQ.
    Attorneys for Plaintiffs
    One Old Country Road Suite 347
    Carle Place, NY 1151

    JACKSON LEWIS LLP
    BY: JEFFREY W. BRECHER, ESQ.
        PAUL J. SIEGEL, ESQ
        NOEL P. TRIPP, ESQ.
    Attorneys for Defendants
    58 South Service Road, Suite 410
    Melville, New York 11747

    PUTNEY, TWOMBLY, HALL & HIRSON
    BY: JAMES E. McGRATH, III, ESQ.
    512 Fifth Avenue 10th Floor
    New York, New York 10175
    Attorneys for Proposed Amici Curiae
    Greater New York Automobile Dealers Association,
    New York State Automobile Dealers Association and
    National Automobile Dealers Association

WEXLER, District Judge

    This is a case that seeks overtime compensation, brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 (the "FLSA"), and parallel provisions of New York State law, against the Defendant employers. Plaintiffs Khalid McBeth ("McBeth") and Carmine Cascone ("Cascone"), represent themselves, and seek to represent a class of persons similarly situated. In a Memorandum and Order dated November 1, 2010, this court denied Defendants' motion for summary judgment (the "November 2010 Order"). The November Order rejected Defendants'

position that two separate statutory exemptions from overtime compensation apply to Plaintiffs' claims. In particular, the court held that neither the "partsman" exemption provided for in 29 U.S.C. §213(b)(10)(a), nor the "motor carrier," exemption, provided for in 29 U.S.C. §213(b)(1) to the FLSA were applicable to Plaintiffs' claims.

Presently before the court is Defendants' motion for reconsideration or, in the alternative, for an order, pursuant to 28 U.S.C. §1292(b), allowing immediate appeal of the November 2010 Order. Also before the court is the motion of the Greater New York Automobile Dealers Association, the New York State Automobile Dealers Association, and the National Automobile Dealers Association (collectively the "Dealer Associations") to participate in the motion for reconsideration as amici curiae. For the reasons that follow, all motions are denied.

## DISCUSSION

### I. Motion to Participate as Amici Curiae

Turning first to the Associations' motion to participate in this matter as amici curiae, the court notes that no rule of this court sets forth standards for deciding whether such requests should be granted. See United States v. Gotti, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). It has been held, however, that the district court has broad discretion to permit or deny such participation. See SEC v. Bear, Stearns & Co., Inc., 2003 WL 22000340 *5 (S.D.N.Y. 2003); Gotti, 755 F. Supp. at 1158. Participation will be granted where the proposed submission assists the court by, inter alia, providing a point of view that may not be available from the parties. Bear, Stearns, 2003 WL 22000340 at *5.

The court has reviewed the declaration of the Associations' counsel, as well as the proposed memorandum of law. Even accepting the proposition that the Association represents

the interests of dealerships similarly situated to Defendants, the court holds that participation by the Association would not be helpful to the court. The interests of the Defendants here have been very well represented by Defense counsel. The Defense memoranda of law, submitted on both the motion for summary judgment, and in support of reconsideration are well-researched and written. The Associations present neither a perspective that is unique nor helpful to the court as to the issues raised. Accordingly, the motion to participate in this matter as amici curiae is denied.

II.     The Motion for Reconsideration

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. See Hines v. Overstock.com, Inc., 2010 WL 2203030 (2d Cir. 2010); quoting, Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Lesch v. United States, 2010 WL 1563687 *1 (2d Cir. 2010), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995); Star Mark Management, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 2010 WL 4878955 *1 (E.D.N.Y. 2010). A party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y.

4

1991). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with the court's ruling.'" Nasca v. County of Suffolk, 2010 WL 3713186 *3 (E.D.N.Y. 2010) (citations omitted).

Upon review of the submissions of the parties the court holds that reconsideration must be denied. Defendants have submitted the same arguments previously submitted to the court in connection with their summary judgment motion. They have presented the court with neither facts nor law requiring the court to reconsider its prior decision.

III. Interlocutory Appeal

28 U.S.C. §1292(b) ("Section 1292(b)") is an exception to the final judgment rule. The statute allows for appeal of an interlocutory order if the district judge finds that the order sought to be appealed: (1) involves a controlling question of law as to which there is substantial ground for difference of opinion and, (2) that an immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). Once a matter is certified under Section 1292(b), the appellate court has discretion as to whether or not to accept the appeal for decision, and there is no stay of the trial proceedings unless the district judge so orders. 28 U.S.C. §1292(b).

Allowing for appeal of interlocutory orders "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' ... and is not intended as a vehicle to provide early review of difficult rulings in hard cases." Baumgarten v. County of Suffolk, 2010 WL 4177283 *1 (E.D.N.Y. 2010) (citations omitted). Thus, decisions granting motions pursuant to Section 1292(b) are extremely rare in this District, and acceptance of certification by the Second Circuit are even rarer. See Koehler v. Bank of Bermuda Ltd., 101

5

F.3d 863, 866 (2d Cir. 1996).

While the court acknowledges that the November 2010 Order addressed a close issue of statutory construction, it does not find that any of the requirements for the drastic action of interlocutory appeal are present in this case. Importantly, there is no real indication that immediate appeal will shorten otherwise lengthy trial court proceedings. Thus, Defendants have not shown that an order pursuant to Section 1292(b) will "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

## CONCLUSION

For the foregoing reasons the motion of the Greater New York Automobile Dealers Association and the New York State Automobile Dealers Association to participate in this matter as amici curiae is denied. The Clerk of the Court is accordingly directed to remove these parties from the docket and to terminate the motion docketed as entry number 52. The motion for reconsideration, or, in the alternative, interlocutory appeal is denied. In connection with this ruling, the Clerk of the Court is directed to terminate the motion filed under entry number 55 on the docket. Finally, the court refers the pre-motion conference letter seeking to file a motion for conditional class certification, as well as any class certification motion, (docket number 55) to the assigned Magistrate Judge. The parties are directed to contact the Magistrate Judge who shall hear and decide class certification motion in accord with his schedule.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
January 5, 2011