UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KHALID McBETH and CARMINE CASCONE,
individually and on behalf of all other persons
similarly situated who were employed by
GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.;
GABRIELLI TRUCK SERVICE, INC.; and
GABRIELLI FORD TRUCK SALES & SERVICE,
INC.; and/or any other entities affiliated with or
controlled by GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF CONNECTICUT, L.L.C.;
GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD
TRUCK SALES & SERVICE INC.; ARMANDO
GABRIELLI, and/or AMEDEO GABRIELLI,


                      Plaintiffs,        <u>MEMORANDUM</u>
                                                 <u>OPINION AND ORDER</u>

       -against-          CV 09-04112 (LDW) (ETB)

GABRIELLI TRUCK SALES, LTD.; GABRIELLI
TRUCK SALES OF CONNECTICUT, L.L.C.;
GABRIELLI TRUCK SERVICE, INC.;
GABRIELLI FORD TRUCK SALES & SERVICE
INC.; ARMANDO GABRIELLI;  AMEDEO
GABRIELLI; and/or any other entities affiliated with
or controlled by GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF CONNECTICUT,
L.L.C.;  GABRIELLI TRUCK SERVICE, INC.;
GABRIELLI FORD TRUCK SALES & SERVICE
INC.; ARMANDO GABRIELLI, and/or
AMEDEO GABRIELLI,

                      Defendants.
----------------------------------------------------------------------X

     Before the Court is the parties' dispute concerning the contents of the Notice of Pendency

to be sent to putative members in this collective action brought pursuant to Section 216 of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. For the following reasons, both plaintiffs' and defendants' proposed Notices of Pendency are approved in part and rejected in part.

FACTS

This action arises out of claims by the plaintiffs, on behalf of themselves and the putative class members they seek to represent, that defendants failed to pay them overtime compensation in accordance with the FLSA and the New York Labor Law. Familiarity with the underlying facts of this action is presumed.

By Order dated January 13, 2011, the Court granted plaintiffs permission to move for conditional collective action certification, pursuant to the FLSA. By letter dated January 21, 2011, counsel for plaintiffs advised the Court that the parties had reached an agreement to conditionally certify the action but that certain disputes existed concerning the contents of the FLSA Notice of Pendency to be circulated to potential class members. (Letter from Ambinder, L. to Boyle, J. dated Jan. 21, 2011.) The parties thereafter each submitted letters setting forth their positions with respect to the contents of the Notice of Pendency.

The parties' letters advise that there are three areas of dispute concerning the Notice of Pendency. The first concerns whether the description of the employees eligible to participate in the collective action should identify those excluded from the class definition contained in the Second Amended Complaint. The second dispute centers around the scope of the notice period; specifically, whether notice should be limited to the two or three-year statute of limitations provided under the FLSA or the six-year limitations period provided by the New York Labor

Law. Finally, the parties dispute whether reference to plaintiffs' counsel's website address should be included within the Notice of Pendency.

DISCUSSION

I.    Legal Standard

"The FLSA vests the district court with broad discretion with respect to the content of the Notice of Pendency to be provided to potential class members." Garcia v. Pancho Villa's of Huntington Vill., Inc., 678 F. Supp. 2d 89, 95 (E.D.N.Y 2010) (citing Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 59 (S.D.N.Y. 2000)). "'Courts consider the overarching policies of the collective suit provisions' and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate.'" Delaney, 261 F.R.D. at 59 (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007)) (alteration in original).

II.   Resolution of the Parties' Disputes

    A.   Definition of Class Members

The first dispute concerns the description provided in the Notice of Pendency as to which employees are eligible to participate in this litigation. While the plaintiffs favor a broader description of eligible employees, the defendants assert that the description should state that it excludes "any employees who operated vehicles exceeding 10,000 pounds gross vehicle weight for any calendar quarter in which they operated such vehicles" because these individuals are

explicitly excluded from the class definition contained in the Second Amended Complaint. (Def. Letter dated Jan. 26, 2011 at 3; 2d Am. Compl. ¶ 15.) According to defendants, the exclusion of these employees from the class definition in the Second Amended Complaint "reflects the exempt status of such workers under the motor carrier exemption." (Def. Letter dated Jan. 26, 2011 at 3.)

Plaintiffs argue, however, that referencing those employees in the Notice of Pendency that are excluded from the class definition "will only cause confusion and discourage workers from participating in the case." (Pl. Letter dated Jan. 26, 2011 at 2.) As plaintiffs point out, many workers may not be aware if they meet the definition of having driven a truck "exceeding 10,000 pounds gross weight vehicle for any calendar quarter." (Id.) Moreover, some workers may incorrectly believe they are ineligible to participate in the collective action if they drove a truck at any time during the past six years. (Id.)

More importantly, as plaintiffs assert - and defendants do not dispute - the burden of proof that certain employees are exempt pursuant to the Motor Carrier Act falls upon the defendants as employers. See Young v. Cooper Cameron Corp., 586 F.3d 201, 204 (2d Cir. 2009) (noting that under the FLSA, the "employer has the burden of proving that the employee clearly falls within the terms of [an] exemption"). According to plaintiffs, defendants have failed to produce any proof thus far as to the names, dates and vehicles purportedly driven by any of the collective action members who are allegedly exempt under the Motor Carrier Act. (Pl. Letter dated Jan. 26, 2011 at 2.) Defendants do not dispute this assertion.

For the foregoing reasons, the Court agrees with plaintiffs that referencing those truck drivers who are excluded from the class definition in the Notice of Pendency will only risk a

de facto reversal of the burden of proof, as noted above, and also serve to create confusion among the putative collective action members. Defendants will have the opportunity to demonstrate that such workers are exempt under the Motor Carrier Act at a later date and, if successful, such employees can be excluded at that point. Accordingly, plaintiffs' proposed Notice of Pendency with respect to those employees who are eligible to participate in the collective action is approved and defendants' proposed Notice of Pendency is rejected.

B. Scope of Notice Period

The second dispute between the parties centers around the scope of the notice period. Plaintiffs argue that because plaintiffs allege New York Labor Law claims, such claims should be referenced in the Notice of Pendency and the notice period should be six years, which reflects the statute of limitations provided for New York Labor Law claims. (Pl. Letter dated Jan. 26, 2011 at 2-3.) Defendants, however, assert that because the statute of limitations for an FLSA violation is only two years - or three years in the case of willful violations - the notice period should only be two years.

"The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Garcia, 678 F. Supp. 2d at 94 (quotation omitted); see also Guzman v. VLM,, Inc., No. 07-CV-1126, 2007 WL 2994278, at *5 (E.D.N.Y. Oct. 11, 2007) ("The FLSA has a three-year statute of limitations for willful violations, and a two-year statute of limitations for non-willful violations."). It is undisputed that plaintiffs allege willfulness in their Second Amended Complaint. Defendants assert, however, that plaintiffs "have set forth no grounds to support a finding of willfulness, despite over a year of discovery." (Def. Letter dated Jan. 26, 2011 at 1.) "Where willfulness is disputed, the court applies the three-

year statute of limitations for purposes of certifying a representative action." Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 369 (S.D.N.Y. 2007) (citing Roebuck v. Hudson Valley Farms, Inc., 239 F. Supp. 2d 234 240 (N.D.N.Y. 2002)).

With respect to extending the notice period to six years, while "[n]otice to all former employees, going back six years, has been authorized where plaintiffs seek relief under both the FLSA and the New York Labor Law," see, e.g., Guzman, 2007 WL 2994278, at *5; Iglesias-Mendoza, 239 F.R.D. at 369; Glowacka v. Zablocki Indus., Inc., No. CV 05-4878, 2006 U.S. Dist. LEXIS 72343, at *14 (E.D.N.Y. Apr. 13, 2006); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 308 n.4 (S.D.N.Y. 1998), the growing trend in this district appears to be limiting the notice period to three years. See, e.g., Lujan v. Cabana Managment, Inc., No. 10-CV-755, 2011 U.S. Dist. LEXIS 9542, at *33 (E.D.N.Y. Feb. 1, 2011); Monger v. Cactus Salon & Spas's LLC, No. 08-CV-1817, 2009 U.S. Dist. LEXIS 60066, at *8 n.2 (E.D.N.Y. July 6, 2009); Laroque v. Domino's Pizza, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008); Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007) (collecting cases). As the court in Sobczak v. AWL Industries, Inc., 540 F. Supp. 2d 354 (E.D.N.Y. 2007), stated:

> The longest applicable limitations period to plaintiffs' FLSA claim is three years if willful violations are established. 29 U.S.C. § 255(a). Thus, any potential plaintiff whose claim is more than three years old has a state law claim only . . . In the absence of diversity and a claim for damages in excess of $75,000 (which seems unlikely), the Court would have no subject matter jurisdiction over claims that are more than three years old since such claims would be pure state law claims. There is no reason to provide an opt-in notice to a plaintiff whose claims could not be asserted in this Court.

Id. at 364 (quoting LeGrand v. Education Managment Corp., No. 03 Civ. 9798, 2004 U.S. Dist. LEXIS 17696, at *7 n.2 (S.D.N.Y. Sept. 2, 2004)).

More recently, the court in Lujan v. Cabana Management, Inc., No. 10-CV-755, 2011 U.S. Dist. LEXIS 9542, at *1 (E.D.N.Y. Feb. 1, 2011), held that the purpose of a conditional certification motion is " to notify and inform those eligible to opt in to the collective action, and time-barred former employees may not do so." Id. at *33. Accordingly, the court in Lujan saw "no purpose in sending such employees a notice informing them that (1) there is a pending op-in lawsuit, (2) they may not opt in, and (3) they may later receive another notice should their status change due to class certification." Id.

Following the holdings in Sobczak and Lujan, the Court finds "the reasoning to limit notice to three years compelling." Sobczak, 540 F. Supp. 2d at 364. Accordingly, the Notice of Pendency shall be limited to a notice period of three years.

Similarly, since the notice period will not encompass any state law claims, there is no reason to include reference to the pending state law claims in the Notice of Pendency. Accordingly, defendants' proposed Notice of Pendency, which omits any reference to the pending state law claims, is approved and plaintiffs' proposed Notice of Pendency is rejected.

    C.    Reference to Plaintiffs' Counsel's Website Address

The parties' final dispute concerns the inclusion of plaintiffs' counsel's website address within the Notice of Pendency. Defendants argue that plaintiffs' counsel's website contains superfluous information outside the scope of the Notice of Pendency and that neither the Court nor the defendants have control over what additional information plaintiffs' counsel may choose to post on their website. (Def. Letter dated Jan. 26, 2011 at 3). Conversely, plaintiffs' assert that such information is routinely included in notices of pendency. (Pl. Letter dated Jan. 26, 2011 at 3.)

"Questions regarding the form of the notice [of pendency] are largely left to [the Court's] discretion." Guzman, 2007 WL 2994278, at *7. While the Court is mindful that people routinely use their computers as a primary source of obtaining information, the inclusion of plaintiffs' counsel's website address is unnecessary given the fact that the Notice of Pendency clearly lists plaintiffs' counsel's names, addresses and phone numbers. (Ex. A to Def. Letter dated Jan. 26, 2011 at 2.) Any further information an opt-in plaintiff seeks may be acquired by simply contacting plaintiffs' counsel. Reference to a website address is, as defendants asserts, superfluous. Accordingly, defendants' proposed Notice of Pendency with the website address of plaintiffs' counsel omitted is approved and plaintiffs' proposed Notice of Pendency is rejected.

## CONCLUSION

For the foregoing reasons, both plaintiffs' and defendants' proposed Notices of Pendency are approved in part and rejected in part. The parties are directed to confer and modify the Notice of Pendency according to the holdings set forth above. In addition, based on the joint agreement of the parties, this action is conditionally certified as a collective action.

**SO ORDERED:**

Dated: Central Islip, New York
       February 3, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge