# EXHIBIT "1"

1
2

## SETTLEMENT AGREEMENT AND RELEASE

3    This Settlement Agreement and Release (the "Agreement") is entered into by and
4    between, on the one hand, Khalid McBeth and Carmine Cascone (the "Named
5    Plaintiffs"), individually and on behalf of a class they seek to represent ("Putative Class")
6    in the matter *McBeth et al. v. Gabrielli Truck Sales, Ltd., et al.*, and, on the other hand,
7    Gabrielli Truck Sales, Ltd., Gabrielli Truck Sales of Connecticut, L.L.C., Gabrielli Ford
8    Truck Sales & Services, Inc., Armando Gabrielli, and Amedeo Gabrielli ("Gabrielli
9    Defendants") (collectively "Parties").

10    1.    RECITALS AND BACKGROUND

11    WHEREAS, Named Plaintiffs have filed a Class and Collective Action Complaint
12    against Gabrielli Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
13    *("FLSA")* and New York state wage and hour law for the alleged failure to pay certain
14    wage and overtime amounts to Named Plaintiffs and the Putative Class (the "Litigation");
15

16    WHEREAS, solely for the purpose of settling this Litigation, and without
17    admitting any wrongdoing or liability, the Gabrielli Defendants have agreed to collective
18    and class certification under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
19    *("FLSA")* and under Rule 23 of Federal Rules of Civil Procedure to cover New York state
20    wage and hour claims,
21

22    WHEREAS, the purpose of this Agreement is to settle fully and finally all
23    Released Claims and Released Rule 23 Class Claims, between Named Plaintiffs, the
24    Class and Gabrielli Defendants, including all claims asserted in the Litigation;
25

26    WHEREAS, Gabrieilli Defendants deny all of the allegations made by Named
27    Plaintiffs in the Litigation, and deny any and all liability and damages to anyone with
28    respect to the alleged facts or causes of action asserted in the Litigation;
29

30    WHEREAS, on or around February 16, 2011, Named Plaintiffs and Gabrielli
31    Defendants engaged in mediation to attempt to resolve the Litigation and reached an
32    accord resulting in this Agreement;

33    WHEREAS, without admitting or conceding that class and collective certification
34    is warranted, without further acknowledging or conceding any liability or damages
35    whatsoever, and without admitting that pay and/or overtime amounts improperly were
36    withheld from any employees, Gabrielli Defendants agreed to settle the Litigation on the
37    terms and conditions set forth in this Agreement, to avoid the burden, expense, and
38    uncertainty of continuing the Litigation; and
39

40    WHEREAS, Plaintiffs' Counsel analyzed and evaluated the merits of the claims
41    made against Gabrielli Defendants and the impact of this Agreement on Named Plaintiffs
42    and Class Members of the collective and class action and based upon their analysis and
43    evaluation of a number of factors, and recognizing the substantial risks of continued

litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable that would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of the Named Plaintiffs and Putative Class Members.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.   DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1**   **Agreement.** "Agreement" means this Settlement Agreement and Release.

**1.2**   **Authorized Claimant.** A Class Member or the authorized legal representative of such member, who files a Claim Form and becomes entitled to receive a Settlement Payment.

**1.3**   **Bar Date.** The date by which any Class Member who wishes to qualify as an Authorized Claimant must file a Claim Form, which date shall be no later than forty-five (45) days after the initial mailing of Notice by the Settlement Claims Administrator.

**1.4**   **Claim Form.** "Claim Form" shall mean the form, a copy of which is attached to the Notice of Proposed Settlement, that Named Plaintiffs and Class Members must sign and return post-marked by the Bar Date. The Claim Form must be filed with the Court for a Class Member to be eligible for a distribution from the Settlement Amount.

**1.5**   **Class Counsel.** "Class Counsel" or "Plaintiffs' Counsel" shall mean Lloyd Ambinder, Virgina & Ambinder, LLP, Trinity Centre, 111 Broadway, Suite 1403, New York, New York, 10006 and Jeff Brown, Leeds Morelli & Brown, P.C., One Old Country Road, Suite 347, Carle Place, New York 11514.

**1.6**   **Class Members.** "Class Members" shall mean: Named Plaintiffs and current and former employees of the Defendants who performed work as partsmen (including, but not limited to, back-counter, front-counter, and warehouse partsmen or workers) who worked for Gabrielli Defendants during the period September 23, 2003 through March 1, 2011.

**1.7**   **Class List.** A list of all Class Members, identified by: (i) name; (ii) last known address; (iii) classification (warehouse or partsmen); (iv) dates of employment; (v) weeks worked as partsmen or warehouse worker, and; (vi) Social Security number, contained in a confidential document that Gabrielli Defendants shall

1    provide to Class Counsel and the Settlement Administrator. The Class List is to
2    be used by Class Counsel and Settlement Administrator to effectuate settlement,
3    and may not be used for any other purpose.

4    **1.8**    **Court.** "Court" means the United States District Court for the Eastern District of
5    New York.

6    **1.9**    **Days.** "Days" means business days if the specified number is less than 10, and
7    calendar days if the specified number is 10 or greater.

8    **1.10**   **Gabrielli Defendants.** "Gabrielli Defendants" shall mean Gabrielli Truck Sales,
9    Ltd., Gabrielli Ford Truck Sales & Services, Inc., Armando Gabrielli, and
10   Amedeo Gabrielli, their present and former owners, stockholders, predecessors,
11   successors, assigns, agents, directors, officers, employees, representatives,
12   insurers, attorneys, parents, subsidiaries, affiliates, benefit plans, plan fiduciaries,
13   and all persons acting by, through, under or in concert with any of them.

14   **1.11**   **Gabrielli Defendants' Counsel.** "Gabrielli Defendants' Counsel" shall mean
15   Paul J. Siegel and Jeffrey W. Brecher, Esq. of Jackson Lewis, LLP, 58 South
16   Service Road, Suite 410, Melville, New York 11747.

17   **1.12**   **Employer Payroll Taxes.** "Employer Payroll Taxes" means all taxes and
18   withholdings an employer is required to make arising out of or based upon the
19   payment of employment compensation in this Litigation, including FICA, FUTA,
20   and SUTA obligations.

21   **1.13**   **Fairness Hearing.** "Fairness Hearing" means the hearing before the Court
22   relating to the Motion for Final Approval.
23

24   **1.14**   **Final Approval Order.** "Final Approval Order" means the Order entered by the
25   Court after the Fairness Hearing, approving the terms and conditions of this
26   Agreement, distribution of the Settlement Checks and Service Awards, and
27   Dismissal of the Litigation with prejudice.
28

29   **1.15**   **Final Effective Date.** "Final Effective Date" shall be the first date after the Court
30   has entered a Final Approval Order approving this settlement and the Court has
31   entered the judgment as provided in Section 2.12(A); the time to appeal from the
32   Final Approval Order has expired and no notice of appeal has been filed or if a
33   notice of appeal is filed, the latest of the following, if applicable, has occurred: (1)
34   any appeal from the Final Approval Order has been finally dismissed; (2) the
35   Final Approval Order has been affirmed on appeal in a form substantially
36   identical to the form of the Final Approval Order entered by the Court; (3) the
37   time to petition for review with respect to any appellate decision affirming the
38   Final Approval Order has expired; and (4) if a petition for review of an appellate
39   decision is filed, the petition has been denied or dismissed, or, if granted, has
40   resulted in affirmance of the Final Approval Order in a form substantially
41   identical to the form of the Final Approval Order entered by the Court.

1.16 **Released Rule 23 Class Claims.** "Released Rule 23 Class Claims" means all wage and hour claims that could have been asserted under federal or state law by or on behalf of Class Members, excluding Class Members who opt-out of the settlement, for the period September 23, 2003 through March 1, 2011, under New York Labor Law, but not including claims under the Fair Labor Standards Act. The Released Rule 23 Class Claims include all claims under state law for unpaid regular or overtime wages, any related wage and hour claims, all 'derivative benefit claims' (*defined as* claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees, expenses and costs related to such claims.

1.17 **Released Claims.** Means all wage and hour claims that could have been asserted under federal or state law by or on behalf of Authorized Claimants, in the Litigation for the period September 23, 2003 through March 1, 2011, including under the Fair Labor Standards Act and New York Labor Law. The Released Authorized Claimant Claims include all claims under state and federal law for unpaid regular or overtime wages, any related wage and hour claims, all 'derivative benefit claims' (*i.e.*, claims for benefits resulting from alleged failure to pay overtime or wages, both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees, expenses and costs related to such claims.

1.18 **Gross Settlement Fund.** "Gross Settlement Fund" refers to One Million One Hundred Thousand Dollars ($1,100,000), the maximum Gabrielli Truck Sales, LTD has agreed to pay, subject to the right to terminate the Agreement settlement as set forth in Paragraph 2.13 of this Agreement, to the Settlement Claims Administrator pursuant to this Agreement to fully resolve and satisfy any claim for attorneys' fees, expenses and costs approved by the Court, any and all amounts to be paid to Authorized Claimants, any Court-approved Service Awards to Named Plaintiffs, any fees and costs associated with investing and liquidating the QSF, the Settlement Claims Administrator's fees and costs, and the Settlement Claims Administrator's payment of Employer Payroll Taxes. One Million One Hundred Thousand Dollars ($1,100,000) is the maximum amount that shall be paid.

1.19 **Named Plaintiffs.** "Named Plaintiffs" refers to Khalid McBeth and Carmine Cascone.

1.20 **Notice or Notices.** "Notice" or "Notices" means the Court–approved Notices of Proposed Settlement of Class Action and Collective Action Lawsuit including notice of an opportunity to opt-out and/or object to the proposed Settlement.

1.21 **Objector.** "Objector" means an individual who properly files an objection to this Agreement, and does not include any individual who opts-out of this Agreement.

-4-

1  **1.22  Opt-in Plaintiff.**  "Opt-in Plaintiff" means those individuals who file Claim
2  Forms in the Litigation up to and including the deadline for filing specified in the
3  Preliminary Approval Order.

4  **1.23  Opt-out Statement.**  "Opt-out Statement" is a written signed statement that an
5  individual Class Member has decided to opt-out and not be included in this
6  Agreement.

7  **1.24  Preliminary Approval Order.**  "Preliminary Approval Order" means the Order
8  entered by the Court: (i) certifying the Class solely for purposes of effectuating
9  the settlement only; (ii) preliminarily approving the terms and conditions of this
10  Agreement, and, (iii) directing the manner and timing of providing Notices to the
11  Class Members.

12  **1.25  Qualified Settlement Fund or QSF.**  "Qualified Settlement Fund" or "QSF"
13  means the account established by the Settlement Claims Administrator for the
14  Settlement Amount paid by Gabrielli Defendants.  The QSF will be controlled by
15  the Settlement Claims Administrator subject to the terms of this Agreement and
16  the Court's Orders for Preliminary Approval and Final Approval.  Interest, if any,
17  earned on the QSF will become part of the Net Settlement Fund.

18  **1.26  Settlement Claims Administrator.**  The "Settlement Claims Administrator"
19  refers to the Settlement Claims Administrator selected pursuant to Paragraph 2 to
20  mail the Notices and administer the calculation, allocation, and distribution of the
21  QSF. The Settlement Claims Administrator's fees shall be borne by the QSF.

22  **1.27  Settlement Checks.**  "Settlement Checks" means checks issued to Class
23  Members for their share of the Gross Settlement Fund calculated in accordance
24  with this Agreement.

25  **1.28  Settlement Mediator.**  The "Settlement Mediator" or "Mediator" shall mean
26  Martin Scheinman, Esq.

27

28  **2.  INITIAL PROCEDURAL ISSUES**

29  **2.1  Binding Agreement.**  This Agreement is a binding agreement and contains all
30  material agreed-upon terms.

31  **2.2  Settlement Class.**  For purposes of settlement only, the Parties stipulate to class
32  certification pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure to
33  include all Class Members possessing New York State Labor Law claims.

34  **2.3  Retention of the Settlement Claims Administrator.**  Within ten (10) days after
35  the filing of a Motion for Preliminary Approval, the Parties shall engage a
36  Settlement Claims Administrator who is mutually agreeable to the Parties to be
37  the Settlement Claims Administrator.  If the Parties are unable to agree on a

1   Settlement Claims Administrator, the Parties shall submit their preference to
2   Mediator Martin Scheinman, to obtain a decision which shall not be subject to
3   appeal.

4   **2.4**   **Responsibilities of Settlement Claims Administrator.** The Settlement Claims
5   Administrator shall be responsible for: (i) preparing, printing and disseminating
6   to Class Members the Class Notice and Claim Forms (ii) copying counsel for all
7   Parties on material correspondence and promptly notifying all counsel for the
8   Parties of any material requests or communications made by any Party (iii)
9   preparing, monitoring and maintaining a toll-free number with phone answerers
10  until the Final Effective Date or the termination of this Agreement whichever
11  comes first; (iv) promptly furnishing to counsel for the Parties copies of any
12  requests for exclusion, objections or other written or electronic communications
13  from Class Members which the Settlement Class Administrator receives; (v)
14  receiving and reviewing the Claim Forms submitted by Class Members; (vi)
15  keeping track of requests for exclusion including maintaining the original mailing
16  envelope in which the request was mailed; (vii) mailing the settlement checks to
17  Authorized Claimants; (viii) preparing and mailing counsel's attorneys' fees,
18  expenses, and costs, service payments, and Settlement Payments in accordance
19  with this Settlement Agreement and Order of the Court; (ix) paying all payroll tax
20  obligations of Gabrielli Defendants including issuing the W-2 and 1099 Forms for
21  all amounts paid to the Class Members; (x) ascertaining current address and
22  addressee information for each Class Notice and Claim Form returned as
23  undeliverable and the mailing of Class Notice and Claim Form; (xi) responding to
24  inquiries of members of the Settlement Classes regarding procedures for filing
25  objections, opt-out forms, and Claim Forms; (xii) referring to Class Counsel all
26  inquiries by Class Members regarding matters not within the Settlement Claim
27  Administrator's duties specified herein; (xiii) responding to inquiries of Class
28  Counsel and Gabrielli Defendants' Counsel consistent with the Class
29  Administrator's duties specified herein; (xiv) promptly apprising counsel for the
30  Parties of the activities of the Settlement claims Administrator; (xv) maintaining
31  adequate records of its activities, including the dates of the mailing of Class
32  Notice(s) and mailing and receipt of Claim Forms(s), returned mail and other
33  communications and attempted written or electronic communications with Class
34  Members; (xvi) confirming in writing to Class Counsel, Defendants' Counsel and
35  the Court its completion of the administration of the settlement; (xvii) timely
36  responding to communications from the Parties or their counsel; and (xviii) such
37  other tasks as the Parties mutually agree. In addition, no later than twenty (20)
38  days prior to the Fairness Hearing, the Settlement Claims Administrator shall
39  certify jointly to Class Counsel and Gabrielli Defendants' Counsel (a) a list of all
40  Class Members who timely filed their Claim Form (b) a list of all Class Members
41  who filed a timely objection, and (c) a list of all Class Members who requested to
42  opt-out of the settlement at any time during the opt-out period. The Settlement
43  Claims Administrator shall also provide Gabrielli Defendants with an updated
44  address list for Class Members. Throughout the period of claims administration,
45  the Settlement Claims Administrator will provide reports to the Parties upon
46  request by either Party, regarding the status of the mailing of the Notices and

1    Claims Forms to Class Members, the claims administration process, and
2    distribution of the Settlement Checks or any other aspect of the claims
3    administration process.

4  **2.5**  **Class Notice.** The Class Notice will inform Class Members about this Settlement
5    and will also advise them of the opportunity to object to or opt-out, file a Claim
6    Form to join in the settlement, and/or to appear at the Fairness Hearing. Within
7    ten (10) days of the entry of the Preliminary Approval Order by the court, the
8    Settlement Claims Administrator will mail to all Class Members, via First Class
9    United States Mail, the Court–approved Notices of Proposed Settlement of Class
10    Action Lawsuit and Fairness Hearing, with Claims Form. The Settlement Claims
11    Administrator will take all reasonable steps to obtain the correct address of any
12    Class Members for whom a Notice and Claims Form is returned by the post office
13    as undeliverable, including a skip trace, and shall attempt a re-mailing to any
14    member of the Settlement Class for whom it obtains a more recent address. The
15    Settlement Claims Administrator shall also mail a Class Notice and Claim Form
16    to any Class Member who contacts the Settlement Claims Administrator during
17    the time period between the initial mailing of the class Notice and the Bar Date
18    and requests that their Class Notice and Claim Form be re-mailed. The Settlement
19    Claims Administrator will notify Class Counsel and Gabrielli Defendants'
20    Counsel of any Notice and Claims Form sent to a Class Member that is returned
21    as undeliverable after the first mailing, as well as any such Notice and Claims
22    Form returned as undeliverable after any subsequent mailing(s) as set forth in this
23    Agreement. All costs of locating members will be paid from the Qualified
24    Settlement Fund.

25  **2.6**  **Access to the Settlement Claims Administrator.** The Parties will have equal
26    access to the Settlement Claims Administrator throughout the claims
27    administration period. Class Counsel and the Gabrielli Defendants agree to
28    provide the Settlement Claims Administrator with all accurate information
29    necessary to calculate the Settlement Checks, and reasonably assist the Settlement
30    Claims Administrator in locating Class Members.

31  **2.7**  **Preliminary Approval Motion.**

32    (A)    Within fifteen days of signing this Agreement, Plaintiffs' counsel shall file
33    a Motion for Preliminary Settlement Approval ("Preliminary Approval
34    Motion") and the proposed Notice, Claim Form and Preliminary Approval
35    Order certifying, for purposes of settlement, a State Class under Fed. R.
36    Civ. P. 23, certifying a collective action pursuant to 29 U.S.C. § 216(b),
37    and preliminarily approving the settlement. The proposed Notice, Claim
38    Form and Preliminary Approval Order approved by the Parties is annexed
39    hereto and made a part of this agreement as Exhibits "1", "2" and "3"
40    respectively. Gabrielli Defendants shall review the terms of the
41    Preliminary Approval Motion, Notice, Claim Form and Order to ensure
42    they are consistent with this Agreement.

(B)     The proposed Preliminary Approval Order will include the findings required by 29 U.S.C. § 216(b) for a collective action and those required under Fed. R. Civ. P. 23(a) and 23 (b)(3). The Preliminary Approval Motion also will seek the setting of a date for individuals to submit Claim Forms, opt-out of this Agreement and/or provide objections to this Agreement, which date will be forty-five (45) days from the initial mailing of Notice and Claims Forms to the Class Members, and for a Fairness Hearing for Final Approval of the settlement before the Court at the earliest practicable date.

(C)     In the Preliminary Approval Motion, Class Counsel will inform the Court of the intended process to obtain a "Final Approval Order" and a "Judgment of Dismissal" that will, among other things: (1) approve the settlement as fair, adequate and reasonable; (2) approve the proposed notice to Class Members; incorporate the terms of the Release, as described herein; (3) dismiss the Litigation with prejudice; (4) award Class Counsel fees, expenses and costs; and (5) award Service Awards to Named Plaintiffs.

(D)     Named Plaintiffs will file the Motion for Preliminary Approval as "unopposed."

(E)     The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment and Dismissal with prejudice. Any disputes which arise between the Parties related to the Parties efforts to obtain a Final Approval Order, Final Judgment and Dismissal with prejudice shall be submitted to the Mediator whose decision shall be binding and not subject to appeal.

2.8     **Notice and Claims Forms to Class Members**

(A)     Within five (5) days of the filing of Preliminary Approval Order, Class Counsel or Gabrielli Defendants' Counsel will provide the Settlement Claims Administrator, in electronic form, for all Class Members a mailing list containing the following information: Name, Social Security Number, last known addresses, as that information exists on file with Gabrielli Defendants. All information provided regarding the Class Members will be treated as confidential information by Class Counsel and the Settlement Claims Administrator. Said information will not be used by Class Counsel and the Settlement Claims Administrator for any purpose other than to effectuate the terms of settlement.

(B)     A Class Member will have forty-five (45) days from the date of initial mailing to return the Claim Form. To be effective, a claim form must be post-marked by the Court-authorized Bar Date. To the extent that the

1                 envelope does not contain a post-mark, the date that the Class
2                 Administrator stamps the envelope or claim form 'received,' shall apply.

3     **2.9**     **Class Member Opt-outs.**

4           (A)     Class Members who choose to opt-out of the settlement as set forth in this
5                 Agreement must mail via First Class United States Mail, postage prepaid,
6                 a written, signed statement to the Settlement Claims Administrator that
7                 states he or she is opting out of the settlement, and include his or her
8                 name, address, and telephone numbers and statement indicating his or her
9                 intention to opt-out such as: "I opt out of the Gabrielli wage and hour
10                settlement." ("Opt-out Statement"). To be effective, an Opt-out Statement
11                must be post-marked by the Bar Date.

12           (B)     The end of the time period to opt-out of the settlement ("Opt-out Period")
13                shall be on or before the Bar Date.

14           (C)     The Settlement Claims Administrator will stamp the received date on the
15                original of each Opt-out Statement that it receives and shall serve copies
16                of each Opt-out Statement on Class Counsel and Gabrielli Defendants'
17                Counsel not later than three (3) days after receipt thereof. The Settlement
18                Claims Administrator will also, within three (3) days of the end of the
19                Opt-out Period, file with the Clerk of Court, stamped copies of any Opt-
20                out Statements. The Settlement Claims Administrator will, within 24
21                hours of the end of the Opt-out Period, send a final list of all Opt-out
22                Statements to Class Counsel and Gabrielli Defendants' Counsel by both
23                email and overnight delivery. The Settlement Claims Administrator will
24                retain the stamped originals of all Opt-out Statements and originals of all
25                envelopes accompanying Opt-out Statements in its files until such time as
26                the Settlement Claims Administrator is relieved of its duties and
27                responsibilities under this Agreement.

28           (D)     Any Class Member who does not submit an Opt-out Statement pursuant to
29                this Agreement, will be deemed to have accepted the settlement and the
30                terms of this Agreement, will be bound by the Judgment in this case, and
31                have any Released Rule 23 Class Claims released. Only those Class
32                Members who timely complete and return a Claim Form post-marked by
33                the Bar Date will be deemed Authorized Claimants. Authorized Class
34                Claimants will have all Rule 23 Released Claims dismissed, with
35                prejudice. Gabrielli will only fund amounts allocated to each Authorized
36                Class Claimant who returns a timely Claim Form as set forth in this
37                Agreement. Gabrielli Defendants shall have no obligation to pay or fund
38                any amounts allocated to Class Members who do not submit a timely
39                Claim Form as set forth in this Agreement. For purposes of this
40                agreement, the Named Plaintiffs are deemed to be Authorized Class
41                Claimants, and are not required to file a Claim Form.

1  **2.10   Objections to Settlement.**

2     (A)   Class Members who wish to present objections to the proposed settlement
3           at the Fairness Hearing must first do so in writing. To be considered, such
4           statement must be mailed to the Settlement Claims Administrator via
5           First-Class United States Mail post-marked by the Bar Date. The
6           statement must include all reasons for the objection, and any supporting
7           documentation. The statement must also include the name, address, and
8           telephone numbers for the Class Member making the objection. The
9           Settlement Claims Administrator will stamp the date received on the
10          original and send copies of each objection, supporting documents, as well
11          as a copy of the notice and share form mailed to the Objector, to Class
12          Counsel and Gabrielli Defendants' Counsel by email  delivery no later
13          than three (3) days after receipt of the objection. The Settlement Claims
14          Administrator will also file the date-stamped originals of any and all
15          objections with the Court within three (3) days after the end of the Opt-out
16          Period.

17    (B)   An individual who files objections to the settlement ("Objector") also has
18          the right to appear at the Fairness Hearing either in person or through
19          counsel hired by the Objector. An Objector who wishes to appear at the
20          Fairness Hearing must state his or her intention to do so in writing on his
21          or her written objections at the time he or she submits his or her written
22          objections. An Objector may withdraw his or her objections at any time.

23    (C)   The Parties may file with the Court written responses to any filed
24          objections no later than three (3) days before the Fairness Hearing.

25  **2.11   Fairness Hearing and Motion for Final Approval and Dismissal.**

26    (A)   At the Fairness Hearing and Motion for Final Approval and Dismissal, the
27          Parties will request that the Court, among other things: (1) certify the
28          Class for purposes of settlement only; (2) approve the settlement and
29          Agreement as fair, reasonable, adequate, and binding on all Class
30          Members who have not timely opted out of the settlement; (3) order the
31          Settlement Claims Administrator to distribute Settlement Checks to the
32          Class Members, including Service Awards, if any, to be paid to certain
33          Class Members as described in this Agreement; (4) order the attorneys'
34          fees, expenses and costs to be paid to Class Counsel from the QSF; (5)
35          order the Settlement Claims Administrator to satisfy the employer
36          obligations to pay all employer taxes and withholdings on the Settlement
37          Checks from the QSF; (6) order that the Court's Order dated November 1,
38          2010 shall not be binding under principles of res judicata or collateral
39          estoppel on Gabrielli Defendants as to any lawsuit commenced by any
40          Class Member who does not file a Claim Form or who files an Opt-Out
41          Statement; (7) order the dismissal with prejudice of all Released Class
42          Claims and Released Rule 23 Class Claims asserted in the Litigation,

including the claims of all Class Members who did not opt-out, subject only to an application for relief under Fed. R. Civ. P. 60(b)(1), or 60(d); (8) order entry of Final Judgment in accordance with this Agreement; (9) order that claims forms be filed with the Court within five days of the Final Order, and (10) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

(B)     The Final Approval Order will order the Settlement Class Administrator to (1) provide verification to Class Counsel and Gabrielli Defendants' Counsel that it has distributed the Settlement Checks, and (2) retain copies of all of the endorsed Settlement Checks.

**2.12    Mailing of Settlement checks.**

The Settlement Checks and Class Counsels' check to pay for all approved professional fees and expenses, will be mailed to the Class Members and to Class Counsel by the Settlement Claims Administrator 10 days after the Final Effective Date.

**2.13    Termination of Agreement**

(A)     **Grounds for Settlement Termination.**

1.      Gabrielli Defendants have the right to terminate this Agreement, at their sole option, if aggregate figure representing the payments to be made to all Authorized Class Claimants, plus attorneys' fees, expenses and costs approved by the Court, any Court-approved Service Awards to Named Plaintiffs, any fees and costs associated with investing and liquidating the QSF, the Settlement Claims Administrator's fees and costs, and the Settlement Claims Administrator's payment of Employer Payroll Taxes exceeds Seven Hundred Thousand Dollars ($700,000.00).

2.      Either Party may terminate the Agreement if the Court declines to enter the Preliminary Approval Order or Final Approval Order, except if the Court declines to enter the Preliminary Approval Order or Final Approval Order because of the attorneys' fees sought by Plaintiffs' counsel. This Agreement is not contingent upon approval by the Court of Plaintiffs' counsel's application for attorneys' fees, and the if the Court approves the settlement payment amount allocated to the Class Members as set forth in this Agreement, but not the application for attorneys' fees, the Agreement may not be terminated.   The Gabrielli Defendants will

not oppose an application for attorneys' fees, including a motion for reconsideration and/or appeal, to the  extent that the Court does not approve Class Counsels' application for attorneys' fees.

(B) **Procedures for Termination.**  To terminate this Agreement on one of the grounds specified in Paragraph 2.13(A), the terminating Party shall give written notice to the other Party no later than fifteen (15) business days after the Court acts or fifteen (15) business days the Parties are notified by the Settlement Administrator that the value of the Claim Forms and attorneys' fees sought by Plaintiffs' counsel as set forth in this Agreement exceeds the amount specified in Paragraph 2.13(A)(1).

(C) **Effect of Termination.** Termination shall have the following effects:

1. The Agreement shall be terminated as to the affected Parties and shall have no force or effect, and no Party shall be bound by any of its terms with respect to the terminating Parties;

2. In the event the settlement is terminated, Gabrielli Defendants shall have no obligation to make any payments to any party, class member or attorney.   Amounts deposited in the Qualified Settlement Fund shall be returned to Gabrielli Defendants in care of Gabrielli Defendants' Counsel with all accrued interest, except that the parties shall pay equally the Settlement Claims Administrator for services rendered up to the date the Settlement Claims Administrator is notified that the settlement has been terminated for providing notices to the Class Members as set forth herein, and for terminating the QSF;

3. The Settlement Claims Administrator will provide a Court approved notice to Class Members that the Agreement did not receive Final Approval and that, as a result, no payments will be made to Class Members under the Agreement.  Such notice shall be mailed by the Settlement Claims Administrator via First Class United States Mail;

4. The Parties may jointly or individually seek reconsideration of a ruling by the Court declining to enter the Preliminary Approval Order, Final Approval Order or judgment in the form submitted by the Parties, or to seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted and the Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the action prior to the settlement. Gabrielli Defendants retain the right to contest whether the Litigation should

1  |  be maintained as a class action, and to contest the merits of the
2  |  claims being asserted in the Litigation.

3  **3.   SETTLEMENT TERMS**

4  **3.1   Settlement Amount.**

5  (A)  Gabrielli Truck Sales, Ltd. agrees to pay a maximum Gross Settlement
6  Amount of One Million One Hundred Thousand Dollars ($1,100,000)
7  which shall fully resolve and satisfy any claim for attorneys' fees,
8  expenses and costs approved by the Court, any and all amounts to be paid
9  to all Authorized Claimants for releasing claims as set forth herein, any
10  Court-approved Service Awards to Named Plaintiffs, any fees and costs
11  associated with investing and liquidating the QSF, the Settlement Claims
12  Administrator's fees and costs, and the Settlement Claims Administrator's
13  payment of Employer Payroll Taxes. Gabrielli Defendants will not be
14  required to pay more than the gross total of One Million One Hundred
15  Thousand Dollars ($1,100,000) under the terms of this Agreement.

16  (B)  Gabrielli Truck Sales, Ltd. shall fund the Qualified Settlement Fund in an
17  amount equal to the amount of the Gross Settlement Amount that has been
18  claimed by Class Members as a result of the filing of timely Claim Forms.
19  Gabrielli Truck Sales, Ltd. shall fund the Qualified Settlement Fund ten
20  (10) days after the Final Effective Date.

21  (C)  The Settlement Claims Administrator shall set aside Ten Thousand
22  Dollars and No Cents ($10,000.00) of the QSF to cover any errors or
23  omissions (e.g., individual employees who dispute the workweeks
24  allocated to them; employees who allege they should be part of the class),
25  and satisfy any claim for relief allowed pursuant to Fed. R. Civ. P.
26  60(b)(1) or 60(d). This amount will remain in the QSF and any part of it
27  remaining after any correctable errors or omissions are covered will revert
28  to Defendants. Any Class Claimant who is unable to resolve any claimed
29  errors or omissions out of this $10,000.00 amount of the QSF within
30  ninety (90) days of the Final Effect Date shall be required to Opt Out.

31  (D)  Any uncashed Settlement Checks or Service Awards and all amounts
32  remaining in the QSF one calendar year after the mailing of the settlement
33  checks will revert to Gabrielli Truck Sales, LTD. For purposes of this
34  provision, the mailing date shall be deemed to be the date posted on the
35  settlement checks.

36  **3.2   Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs.**

37  (A)  At the Fairness Hearing and Motion for Final Approval, Class Counsel
38  will petition the Court for an award of attorneys' fees of no more than 33
39  and 1/3% of the Gross Settlement Amount ($366,666.66), plus
40  reimbursement of their actual litigation expenses and costs to be paid from

1    the QSF. Gabrielli Defendants will not oppose this application, including
2    any appeal or request for reconsideration if the application is denied or
3    modified by the Court. After depositing the Gross Settlement Amount
4    with the Settlement Claims Administrator for the QSF, Gabrielli
5    Defendants shall have no additional liability for Class Counsel's
6    attorneys' fees, expenses and costs.

7    (B)   The substance of Class Counsel's application for attorneys' fees, expenses
8          and costs is to be considered separately from the Court's consideration of
9          the fairness, reasonableness, adequacy, and good faith of the settlement of
10         the Litigation. The outcome of any proceeding related to Class Counsel's
11         application for attorneys' fees, expenses and costs shall not terminate this
12         Agreement or otherwise affect the Court's ruling on the Motion for Final
13         Approval.

14   (C)   The attorneys' fees, expenses and costs shall be paid at the time the
15         payments to Authorized Class Claimants are made.

16   **3.3   Service Awards and Other Payments to Named Plaintiffs.**

17   (A)   In return for services rendered to the Class Members, at the Fairness
18         Hearing, Named Plaintiffs will apply to the Court to receive no more than
19         Two Thousand Five Hundred Dollars ($2,500.00) each as a Service Award
20         from the QSF.

21   (B)   The application for Service Awards is to be considered separately from the
22         Court's consideration of the fairness, reasonableness, adequacy, and good
23         faith of the settlement of the Litigation. The outcome of the Court's ruling
24         on the application for Service Awards will not terminate this Agreement
25         or otherwise affect the Court's ruling on the Motion for Final Approval or
26         for Final Judgment and Dismissal.

27

28   **3.4   Net Settlement Fund and Allocation to Class Members.**

29   Individual Class Members' Settlement Allocations are computed as follows: For
30   every work week or part thereof that a Class Member worked during the period
31   September 23, 2003 through February 11, 2011 he or she will be entitled to a sum
32   of approximately $56.00. This figure is based upon dividing the Gross Settlement
33   Fund of $1,100,000.00 by the approximate cumulative work weeks worked by the
34   Class and allocating a portion of the professional fees and costs (equal to 17% of
35   the Class Member's Settlement Allocation) to each Class Member and employer
36   payroll taxes (4% used as an approximation). If the Individual Class Members'
37   Settlement Allocations, in addition to (1) Court- attorneys' fees, expenses and
38   costs for Class Counsel; (2) Court-approved Service Awards to Named Plaintiffs;
39   (3) Employer Payroll Taxes; (4) any taxes or fees associated with establishing,
40   investing, or liquidating the Settlement Fund; and (5) and the Settlement Claims

- 14-

1      Administrator's fees and costs equals or exceeds $1,100,000.00, each Class
2      Members' Settlement Allocations will be reduced by a pro rata amount so the
3      total paid by Gabrielli Defendants shall not exceed $1,100,000.00.

4
5    **3.5**    **Tax Characterization.**

6         (A)    Settlement payments to Class Members as identified in paragraph 3.1(A)
7                 from Gabrielli Defendants' will be allocated as follows: (i) one-half (1/2)
8                 of the payment will be deemed W-2 wage income, (ii) one-half will be
9                 deemed non-wage liquidated damages subject to 1099 reporting. Service
10              Awards will be considered 1099 non-wage income. All wage payments to
11              Class Members shall be subject to applicable payroll and withholding
12              taxes.

13        (B)    All applicable Employer Payroll Tax contributions associated with wage
14              payments, including, but not limited to, the employer share of FICA,
15              FUTA, and SUTA will be paid by the Settlement Claims Administrator
16              out of the QSF. Gabrielli Defendants will provide the Settlement Claims
17              Administrator such information as is necessary for the Settlement Claims
18              Administrator to make proper tax withholdings, issue and file tax-related
19              forms, and comply with all tax reporting obligations.

20
21    **4.**    **RELEASE**

22    **4.1**    **Release of Claims.**

23        (A)    By operation of the entry of the Judgment and Final Approval, and except
24              as to such rights or claims as may be created by this Agreement each
25              individual Class Member who does not timely opt-out pursuant to this
26              Agreement forever and fully releases Gabrielli Defendants from Released
27              Rule 23 Class Claims.

28        (B)    By operation of the entry of the Judgment and Final Approval, and except
29              as to such rights or claims as may be created by this Agreement each
30              individual Authorized Class Claimant forever and fully releases Gabrielli
31              Defendants from all Released Class Claims.

32        (C)    Except as provided in this Agreement, upon payment of the Attorneys'
33              fees, expenses, and costs approved by the Court, Class Counsel and
34              Plaintiffs, on behalf of the Class Members and each individual Class
35              Member, hereby irrevocably and unconditionally release, acquit, and
36              forever discharge any claim that he, she or they may have against Gabrielli
37              Defendants for attorneys' fees or costs associated with Class Counsel's
38              representation of the Class Members. Class Counsel further understands
39              and agrees that any fee payments approved by the Court will be the full,

1
2

final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

3      **4.2    Denial of Liability**

4
5
6
7
8
9
10
11

(A)     Gabrielli Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault or liability, and with the understanding that terms have been reached because this settlement will avoid the further expense and disruption of Gabrielli Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability by Gabrielli Defendants, nor as an admission that a class should be certified for any purpose other than settlement purposes.

12
13
14
15
16

(B)     Neither Party shall make any statement to the media relative to this Settlement. Class Counsel has agreed to not use the Litigation or the Mailing List as marketing tools or for promotional purposes in any manner. Class Counsel agrees to remove all reference to the Litigation from their website.

17

18      **5.      INTERPRETATION AND ENFORCEMENT**

19
20
21
22
23
24

**5.1     Cooperation Between the Parties; Further Acts.** The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

25
26
27
28
29

**5.2     No Assignment.** Class Counsel and Named Plaintiffs, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

30
31
32
33

**5.3     Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

34
35
36
37

**5.4     Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Named Plaintiffs, the Opt-in Plaintiffs, and all Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

1
2
3
4
5

**5.5**     **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

6
7
8

**5.6**     **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

9
10
11
12
13

**5.7**     **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

14
15
16

**5.8**     **Blue Penciling.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

17
18
19
20

**5.9**     **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

21
22
23
24
25
26

**5.10**     **Continuing Jurisdiction.** The Parties shall request the Court to retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Parties shall not petition the Court to modify the terms of the Agreement or to increase Gabrielli Defendants' payment obligations hereunder.

27
28
29
30
31
32
33
34
35
36
37

**5.11**     **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

38
39

**5.12**     **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full execution and approval by the Court. The Parties

1    may execute this Agreement in counterparts, and execution in counterparts shall
2    have the same force and effect as if all Parties had signed the same instrument.

3   **5.13**   **Binding Authority of Class Counsel.** Class Counsel hereby represent that they
4    are fully authorized to bind the Named Plaintiffs to the terms and conditions
5    hereof and that they have retainer agreements and/or authorizations to execute this
6    Agreement on their behalf.

7   **5.14**   **Signatures.**   This Agreement is valid and binding if signed by the Parties'
8    authorized representatives.

9   **5.15**   **Facsimile and Email Signatures.**  Any party may execute this Agreement by
10    causing its counsel to sign on the designated signature block below and
11    transmitting that signature page via facsimile or email to counsel for the other
12    party.  Any signature made and transmitted by facsimile or email for the purpose
13    of executing this Agreement shall be deemed an original signature for purposes of
14    this Agreement and shall be binding upon the party whose counsel transmits the
15    signature page by facsimile or email.

16   **WE AGREE TO THESE TERMS,**

17                                   Gabrielli Truck Sales, LTD, Gabrielli
18                                   Truck Sales of Connecticut, LLC;
19                                   Gabreilli Truck Service, Inc., Gabrielli
20                                   Ford Truck Sales & Service, Inc.,
21
22
23                                   By:   _____
24
25                                   Dated:   4/26/11
26
27
28                                   Armando Gabrielli
29
30                                   By: _____
31
32                                   Dated:   4 - 26 - 11
33
34                                   Amedeo Gabrielli
35
36                                   By: _____
37
38                                   Dated:   4/26/11
39
40
41   Virigina & Ambinder, LLP
42

- 18-

1    By: _____
2          Lloyd Aminbder

3    Dated: _____

4
5    Leeds, Morelli & Brown, P.C
6
7    By: _____
8          Jeff Brown

9    Dated: _____
10

11   By: _____
12         Khalid McBeth

13   Dated: _____
14

15   By: _____
16         Carmine Cascone

17
18   4845-7674-8533, v. 24824-1043-5049, v. 1

-19-

1    By: _____
2           Lloyd Aminbder

3    Dated: _____
4
5    Leeds Morelli & Brown, P.C
6.
7    By: _____
8           Jeff Brown

9    Dated: _____
10

11   By: _____
12          Khalid McBeth

13   Dated: _____
14

15   By: Carmine Cascone
16          Carmine Cascone

17
18   4845-7674-8553, v. 24824-1045-5049, v. 1

-19-