UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KHALID McBETH and CARMINE CASCONE,
individually and on behalf of all other persons
similarly situated who were employed by
GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF
CONNECTICUT, L.L.C.; GABRIELLI TRUCK
SERVICE, INC.; and GABRIELLI FORD
TRUCK SALES & SERVICE INC.; and/or any
other entities affiliated with or controlled by
GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF
CONNECTICUT, L.L.C.; GABRIELLI TRUCK
SERVICE, INC.; GABRIELLI FORD TRUCK
SALES & SERVICE INC.; ARMANDO
GABRIELLI, and/or AMEDEO GABRIELLI,

Plaintiffs,

-against-

GABRIELLI TRUCK SALES, LTD.;
GABRIELLI TRUCK SALES OF
CONNECTICUT, L.L.C.; GABRIELLI TRUCK
SERVICE, INC.; and GABRIELLI FORD
TRUCK SALES & SERVICE INC.;
ARMANDO GABRIELLI, AMEDEOA
GABRIELLI, and/or any other entities affiliated
with or controlled by GABRIELLI TRUCK
SALES, LTD.; GABRIELLI TRUCK SALES
OF CONNECTICUT, L.L.C.; GABRIELLI
TRUCK SERVICE, INC.; GABRIELLI FORD
TRUCK SALES & SERVICE INC.;
ARMANDO GABRIELLI, and/or AMEDEO
GABRIELLI,

Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 17 2011   ★

LONG ISLAND OFFICE

Civ. No.: CV 09 4112

Wexler, J.
Boyle, M.J.

## FINAL ORDER APPROVING SETTLEMENT

1. The parties have made application, pursuant to Rule 23(e), Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above entitled action ("the Lawsuit") of the claims alleged, in accordance with a Settlement Agreement (the "Agreement"), which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Affirmation of Lloyd Ambinder, dated August 8, 2011, and exhibits attached thereto;

2. On May 16, 2011, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the named plaintiffs and the class as defined in the proposed settlement agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

3. Counsel for Plaintiffs has advised that no written objections to the settlement have been received and no one has appeared at the Fairness Hearing scheduled for August 17, 2011, to voice an objection or otherwise be heard to contest the settlement.

4. The proposed settlement is approved. This Court is satisfied that the proposed settlement in this action meets both the procedural and substantive fairness.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this ORDER, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, The Court certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

> all current and former employees of GABRIELLI TRUCK SALES, LTD.; GABRIELLI TRUCK SERVICE, INC.; GABRIELLI FORD TRUCK SALES & SERVICE INC. who performed work as partsmen and/or warehouse workers between September 23, 2003 and March 1, 2011.

FURTHER, that this Court hereby approves the settlement set forth in the settlement agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure , and directs implementation of all its terms and provisions.

FURTHER, that Plaintiffs and all other class members who have not properly and timely exercised their opt-out rights in this lawsuit are hereby conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the settlement agreement. All such matters are hereby finally concluded, terminated and extinguished.

FURTHER, the Court approves the settlement of all claims brought under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute. All Claim Forms returned to the Settlement Claims Administrator, as defined in the Agreement, shall be filed with the Court by Plaintiffs' Counsel within five days of this Order.

FURTHER, that the notice given to the members of the class fully and accurately informed the members of the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the

class complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that the Settlement Claims Administrator is directed to distribute settlement funds to the class members, including the Service Awards and satisfy the employer obligations to pay all employer taxes and withholdings on the settlement amount from the Qualified Settlement Fund, all in accordance with the terms of the Settlement Agreement;

FURTHER, that the Court's Order dated November 1, 2010, shall not be binding under principles of res judicata or collateral estoppel as to any lawsuit commenced by any Class Member who did not file a Claim Form or who filed an Opt-Out Statement, in accordance with the terms of the Settlement Agreement;

FURTHER, that without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the settlement agreement.

FURTHER, that the Clerk of the Court is directed to close Case CV 09-4112 on August 23, 2011.

ENTER:

_____
United States District Judge

Central Islip, N.Y.
8/17/11

4828-1238-7850, v. 1

4